RECEIVED
NOV 18 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 NOV 15 AM 11: 10

CLERK

# CV05-2010 S

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDGE HICKS
MAG JUDGE HORNSBY

| | |
|---|---|
| CLARENCE CARGO, ET AL | CIVIL ACTION |
| VERSUS | NO. 05-0069 |
| KANSAS CITY SOUTHERN RAILWAY CO. | SECTION "K"(4) |

## ORDER AND REASONS

Before the Court is defendant Kansas City Southern Railway Company's Motion to Transfer Venue (Doc.21). Kansas City Southern Railway ("KCSR") seeks to transfer the instant case to the United States District Court for the Western District of Louisiana, Shreveport Division, pursuant to 28 U.S.C. § 1404 because the majority of the parties and proof are in Shreveport. Having reviewed the pleadings, memoranda, each affidavit filed on behalf of plaintiffs and the relevant law, the Court finds merit in the subject motion.

**Background**

Twenty-five plaintiffs[1] who are current and former employees of KCSR have filed this suit alleging "discrete discriminatory acts and having experienced a racially hostile work environment

---

[1] There is currently pending a Motion for Leave to File a Third Supplement Complaint by all plaintiffs which was set for hearing on August 24, 2005, before Magistrate Judge Karen Roby. A ruling on this motion has not issued as of this day.

1

throughout their employment, including unlawful harassment for their entire periods of employment." (Second Supplement Complaint for Damages, Doc.5, 6). Plaintiffs have invoked the subject matter jurisdiction of this Court pursuant to 42 U.S.C. § 1981 and 1982, Louisiana and Kansas State Laws, for protection against activities constituting a Hostile Work Environment; 42 U.S.C. § 2000 for racial discrimination, 42 U.S.C. §1988 and 29 U.S.C. §§ 621-634 for employment discrimination based on age. (Second Supplement Complaint for Damages, Doc.5, ¶3).

KCSR is a railroad corporation, common carrier engaged in interstate commerce. It operates in several central and southeastern states, including Louisiana. Each of these plaintiffs work or have worked either in New Orleans or Shreveport and claim that KCSR committed unlawful employment practices in both locations. The locus of these allegations for seven of the plaintiffs is New Orleans; the locus for the remaining 18 is Shreveport. Only six of the twenty-five named plaintiffs work or worked and claim to reside in New Orleans or the surrounding area; 18 of the twenty-five named plaintiffs work or worked in Shreveport and contend that they live in Shreveport or the surrounding area. Plaintiffs identify 38 individuals who either allegedly committed the wrongful acts that form the basis of plaintiffs claims or allegedly witnessed the wrongful acts in their Second Supplemental Complaint for Damages. All but 12 of those individuals reside or work in Shreveport or the surrounding area. Defendant maintains further that most of the events underlying this suit took place in Shreveport; most of the employment and other records relevant to these matters are either located in Shreveport or at KCSR's headquarters in Kansas City, Missouri.

Plaintiffs vehemently oppose any transfer. Practically each plaintiff has offered an affidavit to explain their respective choice of venue. Certain common themes become apparent in the review

thereof. Foremost is the subjective belief in the affiant's mind that he or she would not receive a fair trial in Shreveport because of (1) KCSR's undue influence as Shreveport is a "railroad town,"; (2) its being is conservative city, (3) its having a record of a Ku Klux Klan member in management of the city; and its being a racist city. Also, those persons located in New Orleans contend it would be an undue hardship for travel to Shreveport.

**Analysis**

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Thus, a court must perform a two-pronged analysis to make this determination. It must first determine whether the district to which the transfer is sought is one in which the action could have originally been brought. Then, it must decide whether the transfer serves the convenience of the parties and the interests of justice. *Morgan v. Metropolitan Life Ins. Co.*, 2003 WL 1903344,*1 (E.D.La. April 14, 2003). While a plaintiff's choice of forum should rarely be disturbed, where the plaintiff resides outside the forum that factor is given less weight. *Id.* at *3; *Central States Welfare Fund v. Guarantee Trust Life*, 8 F. Supp. 2d 1008, 1010-11 (N.D. Ohio 1998)(holding that because plaintiff's choice of forum was not its home forum choice of forum was given same weight as other factors). *Burnstein v. Applied Extension Technologies, Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992).

3

In the case at bar, it is clear that venue would lie in the Western District of Louisiana, Shreveport Division. Thus the sole inquiry is whether a transfer serves the convenience of the parties and witness and the interest of justice. A forum non conveniens analysis focuses on the following private and public factors:

Private Factors

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process to secure the attendance of witnesses;
(3) the cost of attendance for willing witnesses;
(4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

Public Factors

(1) the administrative difficulties flowing from court congestion;
(2) the local interest in having localized controversies decided at home;
(3) the familiarity of the forum with the law that will govern the case;
(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Piper Aircraft Co. v. Reno*, 235, 257 (1981); *Syndicate 420 at Lloyd's London v. Early Amer. Ins. Co.*, 796 F.2d 821, 831 (5th Cir. 1986).

As concerns the private factors, the Court finds that the graphs provided at p. 7-9 of defendant's memorandum in support of this motion (Doc. 21) demonstrate the fact that taking into consideration the number of plaintiffs and the witnesses identified by plaintiffs themselves, Shreveport would provide easier access to sources of proof as the majority of plaintiffs have worked in the Shreveport area. Likewise, availability of compulsory process to secure the attendance of witnesses weighs in favor of Shreveport as this Court lacks subpoena power over a significant

4

number of likely witnesses as Shreveport is more than 100 miles from New Orleans (350 miles by car). Likewise, the cost of attendance for willing witnesses balances for transfer for the same reasons, and perhaps is even a more compelling reason in the post-Hurricane Katrina environment of New Orleans. At this time, there is a shortage of available hotel accommodations in New Orleans and it is unclear when the situation will be ameliorated. The fourth criteria is obviously neutral.

As to the public factors, the administrative difficulties flowing from court congestion weighs in favor of transfer. New Orleans, the seat of the Eastern District of Louisiana, has experienced a significant blow to its infrastructure which has resulted in a backlog of cases which have had to be continued because of the mayhem caused by Hurricane Katrina. Thus, there is a greater possibility of a quicker trial date in Shreveport than in New Orleans. Likewise, with the majority of plaintiffs being from Shreveport, the local interest in having localized controversies decided at home again tips the balance to transfer. The last two factors are obviously neutral.

In addition, the Court is not persuaded that there is a likelihood that plaintiffs would not receive a fair trial in a federal court in Shreveport. There are sufficient methods of screening the venire to foreclose such a possibility. Furthermore, considering the argument that for those persons located in New Orleans, it would be an undue hardship for travel to Shreveport, it would seem that the hardship visited on the Shreveport plaintiffs would be greater as there are more of them. Thus, while recognizing that plaintiffs' choice of forum should be given great weight, where as here the

majority of the plaintiffs are not from this forum and the factors that are not neutral all weigh in favor of transfer, the Court will grant this motion.[2] Accordingly,

**IT IS ORDERED** that Kansas City Southern Railway Company's Motion to Transfer Venue (Doc.21) is **GRANTED** pursuant to 28 U.S.C. § 1404 and this matter is **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Shreveport Division.

Houma, Louisiana, this 10th day of November, 2005.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE

---

[2]The Court recognizes that plaintiffs have asked that in the event the Court were to transfer the case, that rather than sending it to the Western District of Louisiana, it transfer it to the Middle District. The Court finds no rational basis for doing so as there is a paucity of connexity to Baton Rouge.

6

**RECEIVED**

NOV 1 8 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

LORETTA G. WHYTE
CLERK

500 POYDRAS ST., ROOM C-151
NEW ORLEANS, LA 70130

November 16, 2005

Mr. Robert Shemwell
Clerk, United States District Court
Western District of Louisiana
Shreveport Division
300 Fannin Street, Suite 1167
Shreveport, LA 71101-3083

**CV05-2010 S**

**JUDGE HICKS**

**MAG JUDGE HORNSBY**

Re: Civil Action No. 05-69 K(4)
Clarence Cargo, et. Al.
vs.
Kansas City Southern Railway Company

Dear Mr. Shemwell:

On November 16, 2005, the Honorable Stanwood R. Duval, Jr., United States District Court Judge for this district, entered an order transferring the above captioned case to the Western District of Louisiana.

Pursuant to said order, we are forwarding herewith the entire original record filed in this court, together with a certified copy of the order of transfer and a copy of the docket sheet.

Please acknowledge receipt on the enclosed copy of this letter.

Very truly yours,

LORETTA G. WHYTE, CLERK

By _____
Deputy Clerk

Enclosures