**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant's Appeal of the Magistrate Judge's Order (Record Documents 324) denying Defendant's Motion for Reconsideration and Motion to Strike (Record Document 260). For the reasons detailed below, the Magistrate's decision is hereby **AFFIRMED**. An order consistent with this memorandum ruling shall issue contemporaneously herewith.

**I. BACKGROUND**

On March 23, 2006, the parties filed a Joint Case Management Report (Record Document 67), which proposed an exchange of documents within 60 days and included Plaintiffs' request for "early disclosure" of :

> a. Statistical records of employees, with race and gender, by job classification and pay at all sites; time from January 1990 to January 2006
> ***
> d. Disciplinary records of all KCSR's employees in all Louisiana locations, time frame January 1990 to January 2006.
>
> e. 'Tracking statistics' kept in a unified system by or at the direction of KCSR (computerized data on discipline, . . . attendance, and the like) on KCSR employees who work within the State of Louisiana; time frame January 1990 to January 2006.
> ***
> m. All Equal Employment Opportunity Commission forms and reports filed with the commission, time frame January 1990 to January 2006 (e.g., the EEOC-1 Form filed [which breakdown

the race and gender of all employees throughout Defendant's workforce according to facility and jobtitle]).

Id. In the Joint Case Management Report, KCSR objected to these areas of disclosure as "inappropriate and unduly burdensome at this early state." Id.

On March 28, 2007, Defendant served its responses and objections to Plaintiffs' First Requests for Production. Plaintiffs' Request No. 7 requested "paper copy files and electronic records of corrective and disciplinary actions, including grievance outcomes of all employees of KCSR in Louisiana locations from 1990-2006. Defendant's objection to Request No. 7 stated, among other things that the "request . . . seeks irrelevant documents relating to 'all employees of KCSR,' which . . . exceeds the matters that are at issue in Plaintiffs' Complaint."

On October 1, 2007, Plaintiffs filed a Motion to Compel production of certain items of discovery (Record Document 106). On January 15, 2008, Magistrate Judge granted in part Plaintiffs' Motion to Compel, stating that the information KCS had produced as responsive to some of Plaintiffs' requests for electronically stored personnel, payroll, and workforce information "is incomplete and does not cover the entire relevant time frame." Record Document 123. The Magistrate held that "At a minimum, Plaintiffs are entitled to information regarding each Plaintiff and Comparator's dates of hire, promotions, pay levels, and salary history, job titles, promotions received and overtime worked." Id. As for other KCS employees within Louisiana, the Magistrate ordered Defendant to produce "documents related to racial harassment training at the customer center and other documents showing KCS' compliance with the terms of a settlement with the EEOC." In addition, the Magistrate held that Plaintiffs were entitled to "names, job titles, salary/wages,

race, date of birth, and gender." Id. The Court directed KCS to produce a "list and brief description of available reports that c[ould] display this information in an easy to understand format" on or before January 31, 2008. Id. The Magistrate also held that Plaintiffs were "entitled to documents relating to any other internal or external complaints of discrimination and/or retaliation, including compliance documentation and settlement agreements for those claims." Id.

On February 11, 2008, Plaintiffs' Motion for Leave to Amend Complaint and Supplement Allegations ("Motion to Amend") was filed of record and docketed as "Motion for Leave to File Fourth Supplemental Complaint." See Record Document 131. That motion, alleged, among other things, that an "e-mail audit and related discipline had a disparate impact on plaintiffs based on race, color, age, and/or gender," id. ¶ 1, and that "[t]he disciplinary system for employees of KCSR had a disparate impact on plaintiffs based on race, color, age, and/or gender," id. ¶ 2. The Amended Complaint also included a claim that "Upon information and belief, . . . Defendants destroyed, significantly altered, and/or failed to preserve evidence that it had a duty to preserve and which is material to Plaintiffs' claims and Defendant's defenses in this cause," thereby committing spoliation under Louisiana law. Id. ¶ 4.

On April 25, 2008, the Magistrate Judge entered a Scheduling Order (Record Document 161) setting the date for completion of fact discovery and related matters as April 30, 2009.

On April 29, 2008, Judge Hornsby issued a minute entry stating that "The Scheduling Order did not include an express deadline for the amendment of pleadings. The parties have had ample opportunity to get their pleadings in order in this 2005 case.

Accordingly, and for purposes of clarification, the period for amendment of pleadings or addition of parties is closed." Record Document 162.

During May 21-, 2008, Defendant filed thirty-five motions for summary judgment or partial summary judgment. See Record Documents 166-212.

On July 8, 2008, the Magistrate Judge granted Plaintiffs' Motion for Leave to Amend. Record Document 234. Defendant responded by filing a Motion for Reconsideration and Motion to Strike (Record Document 260) on July 16, 2008, which the Magistrate Judge denied on October 3, 2008.

On October 13, 2008, Defendant appealed the Magistrate Judge's denial of the Motion for Reconsideration and Motion to Strike to this Court.

Fact discovery in this case is set to close on April 30, 2009. See Record Document 161. The deadline for filing dispositive motions is September 30, 2009. Id. No trial date has yet been scheduled in this matter.

## II. STANDARD OF REVIEW:

Because a motion to amend a complaint is a non-dispositive matter, PYCA Indus., Inc. V. Harrison Co. Waste Water Mgmt. Dist., 81 F.3d 1412, 1421, n.11 (5th Cir. 1996), the Magistrate Judge's ruling is reviewed under a "clearly erroneous or contrary to law" standard as provided in Federal Rule of Civil Procedure 72(a). Id.

## III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) reflects a presumption in favor of granting leave to amend, and provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); Mayeux v. La. Health Serv. and Indem. Co., 376 F.3d 420, 425 (5th Cir. 2004). In accord with Rule 15(a), the "Supreme Court has explicitly

disapproved of denying leave to amend without adequate justification." Id. at 426 (internal citations omitted).

In considering a motion for leave to amend, the Fifth Circuit holds that a district court "must determine whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case." Id. at 427. If a proposed amendment "fall[s] into the former category[, it] generally should be permitted" because it "advance[s] Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities. Amendments that fall into the latter category, however, *may* be denied if the circumstances warrant." Id. (emphasis added).

In determining whether to permit amendment of a Complaint, a court may consider "factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'" Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). In order for delay to provide justification for denial of leave to amend, the "delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." Id. Mayeux, 376 F.3d at 427.

Defendant argues that this amendment fundamentally alters the nature of the case because disparate impact cases, in contrast to disparate treatment cases, require Defendant employers to conduct "statistical analyses regarding the historical effects of the employer's system-wide application and enforcement of its facially neutral polices." (Record Document 327-1). However, as Plaintiffs point out, statistical evidence may be

admitted in both disparate treatment and disparate impact cases: "gross statistical disparities resulting from a reduction in force or similar evidence may be probative of discriminatory intent, motive, or purpose," in a disparate treatment case. Walther v. Lone Star Gas Co., 977 F.2d 161, 162 (5th Cir. 1992). Accordingly, this Court concludes that the contested amendment does not fundamentally alter the nature of the case, but rather "merely stated alternative legal theories for recovery on the same underlying facts." Lowery v. Texas A&M Univ. Sys., 117 F.3d 242, 246, n.2(5th Cir. 1997). Even if this Court were to find that the amendment fundamentally altered the nature of the case, however, it would not follow that Magistrate Hornsby's decision was clearly erroneous. While such a finding would permit this Court to deny amendment, it certainly does not require it to do so.

As to the factors laid out by the Supreme Court in Foman, there is insufficient basis in the record for denying the Motion to Amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [and] futility of amendment." Foman, 371 U.S. at 182. The Motion to Amend was filed two-and-a-half months before this Magistrate Court even set the deadline for discovery, and over three months before Defendant filed its motion for summary judgment. It is clear from the record that Plaintiffs, through discovery, sought early and often the statistical workforce information that would undergird their disparate impact claims. The Magistrate issued an order compelling production of this information, and it appears to the Court that Plaintiffs promptly moved to amend their Complaint after the Order on the Motion to Compel the production of statistical workforce information issued. Accordingly, the Court concludes

that there is no evidence of undue delay, bad faith, or dilatory motive on the part of Plaintiffs.

Defendant argues that it is prejudiced by this amendment because it interpreted Judge Hornsby's April 28, 2008 Minute Entry as an implicit denial of the Plaintiffs' Motion for Leave to Amend, and acted in reliance on that interpretation by filing 37 motions for summary judgment thereafter. However, the minute entry does not refer to the pending Motion to Amend. Instead, the entry states that it was issued for the purposes of supplying a deadline that was omitted from the Scheduling Order. Defendant's interpretation of this minute entry as a ruling on the Plaintiffs' pending Motion to Amend was therefore unreasonable. If Defendant was unclear as to whether the Minute Entry disposed of the pending Motion to Amend, which was filed before the Minute Entry issued, it could and should have sought clarification from the Court.

As of the date of this ruling, almost two months still remain in the fact discovery period, the trial date has not yet been set, and deadline for filing dispositive motions will not expire for approximately seven months. Should the parties require additional time in which to conduct discovery and/or supplement their motions for summary judgment, they may file a motion or motions for extension of time. As Magistrate Hornsby explained in his Order denying Defendant's Motion for Reconsideration and Motion to Strike, "any prejudice that to Defendant from the addition of the disparate impact legal theory can be mitigated by further order of the court." Record Document 324.

## IV. CONCLUSION

For the reasons stated above, Magistrate Judge Hornsby's Order of July 9, 2008 (Record Document 324) denying Defendant's Motion for Reconsideration and Motion to Strike (Record Document 260) is hereby **AFFIRMED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

Thus done and signed, in Shreveport, Louisiana, this the 4th day of March, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE