**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Ray Abmas' Title VII claims (Record Document 198). The motion is grounded in a claim that Abmas failed to exhaust his administrative remedies because he failed to file suit within 90 days after receiving a notice of right to sue ("right to sue letter" or "the letter") from the EEOC. See id., 42 U.S.C. §§ 2000e-5(f)(1), 12117. Plaintiff Abmas states in response that he never received a right to sue letter from the EEOC. Record Document 279-2. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **DENIED**.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant

demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

**II. ANALYSIS**

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC, and receive a notice of right to sue. Id. Title VII provides that an aggrieved party has 90 days in which to file a lawsuit after receiving a right to sue letter from the EEOC. Id.; 42 U.S.C. §§ 2000e-5(f)(1), 12117. That "ninety-day limitation period is strictly construed." Taylor at 379.

In support of its motion for summary judgment, Defendant presents this Court with a copy of a right to sue letter issued by the EEOC. See Record Document 198-3, Exh. B. The letter is signed by Patricia Bivins, who identified herself as District Director of the EEOC's New Orleans Office, and it states on its face that it was mailed to Plaintiff Abmas on February 21, 2003.[1] Id. Because this suit was not filed until 2005, Defendant contends that Abmas may not maintain his Title VII claims against KCSR.

---

[1]The letter also indicates that Defendant KCSR and Defendant's counsel Robert L. Clayton were copied on the distribution. Record Document 198-3.

In opposition to Defendant's motion, Plaintiff has filed an affidavit stating that he never received a right to sue letter from the EEOC and never "possess[ed]" the right to sue letter until "after the above-captioned lawsuit had been filed and such notice was produced by Defendants in discovery to his Attorneys." Record Document 279-2. Accordingly, Defendant "does dispute whether he timely filed his suit with respect to his Title VII claims." Record Document 257.

A panel of the Fifth Circuit has held that

> the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reasons, the statute should be tolled until he actually receives notice.

Espinoza v. Missouri Pac.R.R., 754 F.2d 1247 (5th Cir. 1985). When handling disputes over the date a right to sue letter is received, courts have held that "[a] presumption of receipt is appropriate whenever the actual receipt date is either unknown or disputed." Lozano v. Ashcroft, 258 F.3d 1160, 1165 (10th Cir. 2001); see also Taylor, 296 F.3d at 379. However, the presumption of receipt may be rebutted by an affidavit "stating personal knowledge of the receipt date." Lozano, 258 F.3d at 1165; Witt, 136 F.3d at 1429-30.

This Court has previously refused to "accept as a matter of certain fact that the EEOC actually mailed the notice of right to sue on [a certain date] merely because that [wa]s the date indicated on a copy of the [EEOC] notice" attached to a Defendant's Motion to Dismiss. Magistrate Judge's Report & Recommendation, filed 7/26/2004, adopted by District Court in Green v. Ledic Realty, No. 04-739 (W.D. La. filed 06/26/2004). In Green this Court "refused . . . to accept as true all facts suggested by [that] public record" in the face of "allegations and evidence to the contrary." Id. In response to a motion to dismiss,

the plaintiff in Green offered affidavits and evidence contesting whether the EEOC actually mailed a right to sue letter on the date suggested on the fact of the letter. Id.

In this instance, the dispute concerns whether a right to sue letter was actually sent and received, rather than when it was received. The parties have produced comparatively little evidence regarding the issue. Nonetheless, Plaintiff Ambas' affidavit demonstrates that a genuine issue of material fact remains for trial. Plaintiff Abmas states that he never received the right to sue letter, and learned of its contents only after filing the instant suit. Although his statements lack additional evidentiary support, Defendant has provided no additional evidence to rebut them. Accordingly, it is for the jury to determine at trial whether Plaintiff Abmas' testimony is credible in light of the evidence presented by Defendants.

## III. CONCLUSION

Accordingly, **IT IS ORDERED THAT** the foregoing motion (Record Documents 198) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Abmas' request for sanctions is hereby **DENIED**. Nothing in the evidence submitted by Plaintiffs' counsel in support of the claim for sanctions (see Record Document 257-5) leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this the 23rd day of March, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE