UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant's *Motion for Partial Summary Judgment on Plaintiff Clarence Cargo's Age Discrimination in Employment ("ADEA") Claims* (Record Document 211). The motion is grounded in a claim that Cargo failed to exhaust his administrative remedies with respect to his ADEA claims because the charge of discrimination he filed did not include the allegations of age discrimination that he claims in this suit. See id. Plaintiff Cargo states in response that he has exhausted his administrative remedies because his ADEA claims are like or reasonably related to the Charge of Discrimination and other documents he filed with the EEOC. Record Document 274. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **DENIED.**

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. ANALYSIS

### A. Scope of the Exhaustion Requirement

Age discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. 29 U.S.C. § 626(d); Julian v. City of Houston, Tex., 314 F.3d 721, 725-26 (5th Cir. 2002). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC. Id. If a plaintiff files a complaint alleging age discrimination but fails to first file an administrative charge alleging age discrimination, the age discrimination claims "must be dismissed." Spears v. DSM Copolymer, Inc., 103 F.3d 124 (5th Cir. 1996)

(per curiam). However, an ADEA claim contained in a court complaint is considered to have been administratively exhausted if it is

> based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.

Id. (citing Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995).

The Charge of Discrimination that the EEOC prepared and Cargo signed on January 27, 2004 contains no mention of age discrimination claims. However, Cargo urges this Court, in its efforts to determine which Title VII causes of action Plaintiff has exhausted, to look not only to the substance of his administrative charge, but also to: (1) a "Supplemental Intake Questionnaire" and (2) a "Charge Questionnaire," both of which were submitted to the EEOC on April 20, 2004, almost four months after Cargo submitting his Charge of Discrimination. See Record Document 274, 274-3.

A recent Supreme Court decision held that an EEOC "Intake Questionnaire," constituted a "charge" for the purposes of the ADEA when "it [could] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008). In Holoweicki, the Supreme Court implied that a completed Intake

Questionnaire, without more, could not be reasonably construed as a request for the agency to take remedial action. See 128 S.Ct. at 1159 ("Were the Intake Questionnaire the only document before us we might agree its handwritten statements do no request action." Id.). The High Court ultimately found that the Intake Questionnaire constituted a charge, however, because it was "supplemented with a detailed six-page affidavit" asking the agency to "[p]lease force [the defendant] to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment . . . ." Id. at 1159-60.

This Court concludes that both the Supplemental Intake Questionnaire" the "Charge Questionnaire" that Cargo submitted simultaneously to the EEOC may reasonably be construed as requests for the agency to take remedial action. Under the heading "PRINCIPAL PURPOSE," the EEOC Form 283 "Charge Questionnaire" that Cargo signed on April 20, 2004 states that "[w]hen this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will . . . consider it to be a sufficient charge of discrimination under the relevant statute(s)." See Record Document 273-4. By filing the Charge Questionnaire and the Supplemental Intake Questionnaire, Cargo effectively sought to add ADEA claims to those listed in the formal Charge of Discrimination. The Charge Questionnaire contains the only timely written statement of such allegations, and, as such, this Court will also construe it as a request for the EEOC to take remedial action. See Beckham v. Nat'l R. R. Passenger Corp., 590 F. Supp. 2d 82,

87 (D.D.C. 2008) (holding that a completed Charge Questionnaire was sufficient to constitute a "charge" of discrimination in the Title VII context).

In his Complaint, Cargo alleges that he suffered discriminatory discipline, including various suspensions and terminations, along with a hostile work environment, on account of his race, age, and EEOC filings. See Record Document 48, ¶ 46. On the Charge Questionnaire, Cargo complained that his dismissal by Defendant was an "action taken against [him] that [he] believe[d] to be discriminatory." See Record Document 274-3 And when the same document asked, "Why do you believe this action was taken against you?", Cargo answered, "BECAUSE OF MY RACE, EEOC CHARGES, *AGE*, AND THAT I AM A PROTECTED EMPLOYEE AS OF WAGE [&] VACATION." Id. (emphasis added). And on the Supplemental Intake Questionnaire that Cargo filed simultaneously with the Charge Questionnaire, Cargo was asked "Do you believe [your discharge occurred] because of one or more of the categories listed below?". He answered "Yes," and when prompted to mark which categories applied in that context, he circle "Race," "Age," and next to the category "Other," referred to his "EEOC Charges." When these two simultaneously filed documents are read together, it is clear that Cargo sought to amend his Charge of Discrimination to add race and age-based discrimination claims to his administrative complaint. An EEOC investigation of the ADEA claims alleged in the Complaint could be reasonably be expected to grow out of the age-related allegations in the Supplemental Intake Questionnaire and Charge

Questionnaire that Cargo filed. As a result, Cargo has exhausted the ADEA claims he alleges in this lawsuit.

### III. CONCLUSION

Accordingly, **IT IS ORDERED THAT** the foregoing motion (Record Document 211) be and is hereby **DENIED.**

**IT IS FURTHER ORDERED THAT** Plaintiff Cargo's request for sanctions is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claims for sanctions (see Record Document 274) leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this the 22nd day of June, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE