**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

CLARENCE CARGO, *et al.,*             CIVIL ACTION NO. 05-2010

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

KANSAS CITY SOUTHERN             MAGISTRATE JUDGE HORNSBY

---

**MEMORANDUM RULING**

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Randall Corsentino's Title VII claims of race discrimination and hostile work environment. [Record Document 203]. The motion is grounded in a claim that Corsentino failed to exhaust administrative remedies with respect to his claims of race discrimination and hostile work environment because he failed to include those claims in his initial charge of discrimination or his amended charge. See id. Plaintiff Corsentino states in response that he has exhausted his administrative remedies because (1) a claim of hostile work environment is within the scope of a reasonable investigation of his charge of discrimination, and (2) hostile work environment is a method of proving race discrimination under Title VII. [Record Document 275]. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

**I.**     **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II.     LAW AND ANALYSIS

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006). The scope of the exhaustion requirement has been defined in light of two competing policies that Title VII furthers. As the Fifth Circuit has explained,

> On the one hand, because the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally. On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims. Indeed, a less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance.

Id. (internal citations and quotation marks omitted). Accordingly, keeping both considerations in mind, this Court "interprets what is properly embraced in review of a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970)). In doing so, the Court "engage[s] in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look[s] slightly beyond its four corners, to its substance rather than its label." Id.

As an initial matter, we note that "[a] discriminatory act alleged in a lawsuit but not included in an EEOC charge is not 'like or related to' acts that are alleged in an EEOC charge simply because both are based on the same type of discrimination." Turner, 2008 WL at *8. In order for a particular "alleged discriminatory act to fall within the scope of an EEOC charge, there must be some factual relationship

between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination." Id.

Defendant argues Corsentino failed to exhaust his administrative remedies with regard to his Title VII claims of race discrimination and hostile work environment because he did not specifically allege these claims in his charge of discrimination or his amended charge. Plaintiff Corsentino's charge of discrimination states in its entirety:

> I began employment with Respondent as brakeman on May 30, 1980, and advanced to the position of Brakeman/Switchman. I was discharged from this position on March 20, 2004.
>
> Asst. Superintendent, AJ Sonnier (about ___ Years old), discharged me stating that I violated rule [sic] when I had a minor derailment.
>
> I believe respondent violated the Age Discrimination in Employment Act of 1967, by discharging me based on my age (52 years old), in that switchmen outside the protected age group such as H.J. Brown, B. Hidalgo, G. Breaux, M. Anthony, and Wardell Jarrell, who have had more serious accidents, were not discharged.

[Doc. 203, Ex. A]. Plaintiff's amended charge restates these allegations, but additionally provides: "I believe that I was discharged in retaliation for opposing the Respondent's practice of disparate discipline regarding black employees." [Doc. 203, Ex. B]. Nowhere in the initial charge or the amended charge does Plaintiff

Corsentino state that he discriminated against on the basis of race or that he was subjected to a hostile work environment.

Nevertheless, in its efforts to determine which Title VII causes of action Plaintiff has exhausted, Corsentino urges this Court to look not only to the substance of his administrative charges, but also to: (1) the transcript of KCS's internal investigation of his dismissal, and (2) a handwritten document written by an EEOC investigator after interviewing him on July 18, 2005. [Doc. 275, Exs. A2, A5].

A recent Supreme Court decision held that an EEOC "Intake Questionnaire," constitutes a "charge" for the purposes of the ADEA when "it [can] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008); see also Beckham v. Nat'l R.R. Passenger Corp., 590 F. Supp. 2d 82 , 86 (D.D.C. 2008) (noting that "because of the similarities between the statutory scheme of the ADEA and Title VII concerning exhaustion of administrative remedies," Holowecki's holding concerning the interpretation of "charge" should be applied in the Title VII context) (citing Grice v. Balt. County, Civ. No. 07-1701, 2008 WL4849322, at *4 n. 3 (D.Md. Nov. 5, 2008).

In Holowecki, the Supreme Court implied that a completed Intake Questionnaire, without more, could not be reasonably construed as a request for the agency to take remedial action. See 128 S.Ct. at 1159 ("Were the Intake

Questionnaire the only document before us we might agree its handwritten statements do no request action." Id.). The Supreme Court ultimately found that the Intake Questionnaire constituted a charge, however, because it was "supplemented with a detailed six-page affidavit" asking the agency to "[p]lease force [the defendant] to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment . . . ." Id. at 1159-60.

The transcript of KCS's internal investigation differs significantly from the Intake Questionnaire the Supreme Court referred to in Holowecki. The transcript was submitted by KCS in response to the EEOC's request for documents. It does not contain any statements made by Corsentino, nor was it submitted to the EEOC by him to supplement his charge. Most importantly, the transcript does not include a request for remedial agency action, and therefore, cannot properly be construed as a charge.

The question of whether the Court should consider the handwritten document from the EEOC investigator concerning a telephone call with Plaintiff Corsentino on July 18, 2005 is a close one. For the reasons discussed above, this Court cannot properly construe the document as a charge. The Court is mindful, however, that a Title VII claim may embrace not only those claims that are included in the administrative charge itself, but also those claims that arise during an EEOC investigation of the plaintiff's charge of discrimination. See Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006).

During the EEOC's investigation of Plaintiff Corsentino's charge, an EEOC investigator interviewed Corsentino on July 18, 2005. Corsentino reported that he had been the local union chairman since 2000, and eight or ten times per year since 2002 or 2003, he verbally told KCS that black employees were treated less favorably than white employees. [Rec. Doc. 275, Ex. A2]. Based on this statement, Corsentino contends his claim of hostile work environment was within the scope of a reasonable investigation of his charge. The Court disagrees. Although a reasonable investigation would explore the possibility of racial discrimination, Corsentino never stated that he was personally discriminated against or that he was personally subjected to unwelcome harassment in the workplace because of race. The statement he made to the EEOC investigator is simply insufficient to notify KCS or the EEOC of his individual Title VII claims of race discrimination and hostile work environment. As the Fifth Circuit has previously noted:

> It would be contrary to the purpose of the exhaustion requirement to allow a claimant to pursue a claim in district court that he failed to raise during the administrative investigation. The exhaustion doctrine requires a good faith effort by the aggrieved employee to provide all relevant and available information to the investigating agency.

Fitzgerald v. Sec., U.S. Dept. of Veterans Affairs, 121 F.3d 203, 208 (5th Cir. 1997) (citing Munoz v. Aldridge, 894 F.2d 1489, 1492-93 (5th Cir. 1990)). Accordingly, the Court finds Plaintiff Corsentino failed to exhaust his administrative remedies and Defendant's Motion for Partial Summary Judgment is **GRANTED.**

### III. CONCLUSION

Therefore, **IT IS ORDERED THAT** the foregoing motion [Record Document 203] be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED THAT** Plaintiff Corsentino's request for sanctions is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE