**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Sharon Crump's Title VII claim of sex discrimination. [Record Document 212]. The motion is grounded in a claim that Crump failed to exhaust administrative remedies with respect to her Title VII claim of sex discrimination because she raised the claim for the first time in an amendment to her second Charge of Discrimination, which was filed more than 300 days after the alleged discriminatory conduct. See id. Plaintiff Crump states in response that she has exhausted administrative remedies because her claim of sex discrimination is like or reasonably related to the allegations contained in her initial Charge of Discrimination and the Supplemental Intake Questionnaire she submitted to the EEOC. [Record Document 269]. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when the plaintiff timely files a charge with the EEOC, his or her claim is dismissed by the agency, and the plaintiff receives statutory notice of right to sue. Id.

Because Louisiana is a deferral state, a plaintiff's charge of discrimination must be filed within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Defendant argues Crump failed to exhaust her administrative remedies with regard to her Title VII claim of sex discrimination because she did not timely assert her claim of sex discrimination with the EEOC. Plaintiff's first charge of discrimination alleged only that she was discriminated against on the basis of her race and color [See Doc. 212, Ex. A], and her second charge of discrimination simply asserted a claim of retaliation [See Doc. 212, Ex. B]. In Plaintiff's Amended Charge, however, she claimed she was denied a promotion on December 16, 2003 "because of [her] race, black, sex, female, and in retaliation for filing the previous EEOC charge against the Respondent." [Doc. 212, Ex. C]. In addition, under the heading "DISCRIMINATION BASED ON," Plaintiff checked the box labeled "sex." Id. Defendant contends Crump is barred from asserting her Title VII claim of sex discrimination because the Amended Charge was not filed until January 21, 2005—more than 300 days after the alleged discriminatory acts.

The Court recognizes that the federal regulations allow amendments to charges of discrimination to relate back to the date of filing the initial charge. As provided in 29 C.F.R. § 1601.12(b):

> . . . A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to

> or growing out of the subject matter of the original charge
> will relate back to the date the charge was first received.

As a general rule, however, the regulations do not allow amendments that raise a new legal theory to "relate back" to the date of the original charge of discrimination. Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 878 (5th Cir. 2003) (holding that plaintiff's amended charge, alleging disability discrimination, did not relate back to his original charge which alleged race and sex discrimination as well as retaliation); see also EEOC v. Miss. Coll., 626 F.2d 477, 483-84 (finding that "[b]ecause [the plaintiff's] allegations of racial discrimination do not relate to or grow out of the allegations of sex discrimination advanced in the original charge, that aspect of the amended charge does not relate back to the time of filing of [the] original charge"). Accordingly, Plaintiff's Amended Charge does not relate back to the date of her original charge and therefore does not timely assert a Title VII claim of discrimination based on sex.

In her opposition, Plaintiff Crump contends she exhausted her administrative remedies with respect to her Title VII claim of sex discrimination, regardless of whether her Amended Charge relates back, because her claim of sex discrimination is "reasonably related to and within the scope of a reasonable investigation" of her charges of discrimination. [Doc. 269, p.3]. To determine whether she has exhausted her administrative remedies, Crump urges this Court to look to the substance of her initial administrative charge filed on May 15, 2003 ("First Charge")

and to the "Supplemental Intake Questionnaire" she subsequently submitted to the EEOC. [Doc. 269, Exs. A and B].

Recently, in Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1159 (2008), the Supreme Court held that a document filed with the EEOC constitutes a "charge" for the purposes of the Age Discrimination in Employment Act ("ADEA") when "it [can] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Other federal district courts have extended Holowecki to claims filed pursuant to Title VII rather than the ADEA. See Beckham v. Nat'l R.R. Passenger Corp., 590 F. Supp. 2d 82, 86 (D.D.C. 2008) (holding that "because of the similarities between the statutory scheme of the ADEA and Title VII concerning exhaustion of administrative remedies," Holowecki's holding concerning the interpretation of "charge" should be applied in the Title VII context); see also Grice v. Balt. County, Civ. No. 07-1701, 2008 WL4849322, at *4 n. 3 (D.Md. Nov. 5, 2008), and cases cited therein.

In Holowecki, the Supreme Court suggested that an Intake Questionnaire, without more, could not reasonably be construed as a request for the agency to take remedial action. See 128 S.Ct. at 1159 ("were the Intake Questionnaire the only document before us we might agree its handwritten statements do not request action."). The Supreme Court ultimately found that the Intake Questionnaire at issue constituted a charge, however, because it was "supplemented with a detailed six-

page affidavit" asking the agency to "[p]lease force [the defendant] to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment . . . ." Id. at 1159-60.

Here, Plaintiff's Supplemental Intake Questionnaire was not submitted with a detailed affidavit requesting the agency to take remedial action. Nor was it submitted to the EEOC simultaneously with Plaintiff's Charge of Discrimination or under other circumstances that would lead a plaintiff to reasonably believe that the documents would be construed together as a single request for action. [See Order Denying Partial Summary Judgment as to Plaintiff Chauvin's Title VII claims]. Consequently, the Court cannot properly consider Plaintiff's Supplemental Intake Questionnaire when determining whether Crump exhausted her administrative remedies and must look only to Plaintiff's first Charge of Discrimination.

The Fifth Circuit has previously espoused that a Title VII suit

> may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.

Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1992) (quoting Fellows v. Univ. Restaurants, Inc., 701 F.2d 447, 451 (5th Cir. 1983)). "A discriminatory act alleged in a lawsuit but not included in an EEOC charge is not 'like or related to' acts that are alleged in an EEOC charge simply because both are based on the same

type of discrimination." Turner v. St. Luke's Episcopal Health Sys., 2008 WL 706709 at *8 (S.D. Tex. Mar. 14, 2008). In order for a particular "alleged discriminatory act to fall within the scope of an EEOC charge, there must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination." Id.

In Plaintiff Crump's First Charge, she states:

> 1) . . . I have been discriminated against because of my race in violation of Title VII. . .
>
> 2) . . . African Americans are systematically excluded from supervisory and managerial positions by the respondent. Further, upon information and belief, K.C.S. discriminates against African-Americans as a class in hiring, promotions, pay, and other terms and conditions of employment.
> * * *
> 4) I am affected by said disciplinary practices, among other things, by being deprived of the opportunity to work in an environment free of racial discrimination and to be supervised and work with people of my own race who would have been employed or promoted in the absence of alleged discrimination. Such discrimination denies me the right to work in a fully racial and sexually/gender integrated work environment and otherwise affects my opportunity for enjoyment of work.
>
> 5) This systemic discrimination further adversely affects my status as an employee by promoting and reinforcing racial and sexual stereotypes and bias in hiring, promotions, transfers, job assignments, supervision, training, compensation, and other terms and conditions of employment. . . .

[Doc. 269, Ex. A].

Plaintiff expressly states in her First Charge that she believes she was discriminated against on the basis of her race and that she was deprived of an opportunity to work in an environment free of "racial discrimination." But these allegations do not put the EEOC or KCS on notice that Plaintiff Crump also alleges a claim of discrimination based on <u>sex</u>, nor could the existence of such a claim reasonably be expected to grow out of her initial charges of <u>race</u> discrimination. <u>See Manning</u>, 332 F.3d at 878 (citing <u>EEOC v. Shell Oil Co.</u>, 466 U.S. 54, 77, 104 S.Ct. 1621 (1984)). Accordingly, the Court finds that Plaintiff Crump failed to exhaust her administrative remedies as to her Title VII claims of discrimination based on sex.

## III. CONCLUSION

Therefore, **IT IS ORDERED THAT** the foregoing motion (Record Document 212) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Crump's request for sanctions is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE