# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Roy Johnson's Title VII claims of hostile work environment and retaliation. [Record Document 193]. The motion is grounded in a claim that Johnson failed to exhaust administrative remedies with respect to his Title VII claims of hostile work environment and retaliation because these claims were not included in the Charge of Discrimination he filed with the EEOC on November 22, 2004. See id. Plaintiff Johnson states in response that he has exhausted administrative remedies because: (1) his claim of hostile work environment is like or reasonably related to the allegations in the Charge of Discrimination and other documents that he and others filed with the EEOC; and (2) a claim of retaliation is within the reasonable scope of investigation of his Charge of Discrimination. [Record Document 241]. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

### A. Scope of Exhaustion Requirement

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. Taylor v. Books A Million, Inc., 296

F.3d 376, 378-79 (5th Cir. 2002). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC and receive a notice of right to sue. Id. A Title VII suit "may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations . . . ." Turner v. St. Luke's Episcopal Health Sys., 2008 WL 706709 at *7 (S.D. Tex. Mar. 14, 2008) (citing Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1992)).

At issue in this case is the scope of the exhaustion requirement, which "has been defined in light of two competing Title VII policies that it furthers." Pacheco v. Mineta, 448 F.3d 783, 788-89 (5th Cir. 2006). As the Fifth Circuit has explained,

> On the one hand, because the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally. On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims. Indeed, a less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance . . . . [A]llowing a federal court complaint to proceed despite its loose 'fit' with the administrative charge and investigation is precluded if it would circumvent agency efforts to secure voluntary compliance before a civil action is instituted.

Id. (internal citations and quotation marks omitted). Accordingly, and keeping both considerations in mind, "this court interprets what is properly embraced in review of

a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970)) (internal quotation marks omitted). In doing so, the Court "engage[s] in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look[s] slightly beyond its four corners, to its substance rather than its label." Id.

As an initial matter, we note that "[a] discriminatory act alleged in a lawsuit but not included in an EEOC charge is not 'like or related to' acts that are alleged in an EEOC charge simply because both are based on the same type of discrimination." Turner, 2008 WL at *8. In order for a particular "alleged discriminatory act to fall within the scope of an EEOC charge, there must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination." Id.

A recent Supreme Court decision held that an EEOC "Intake Questionnaire," constituted a "charge" for the purposes of the ADEA when "it [could] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008). Other federal district courts have extended Holowecki to claims filed pursuant to Title VII rather than the ADEA. See Beckham v. Nat'l R.R. Passenger

Corp., 590 F. Supp. 2d 82, 86 (D.D.C. 2008) (holding that "because of the similarities between the statutory scheme of the ADEA and Title VII concerning exhaustion of administrative remedies," Holowecki's holding concerning the interpretation of "charge" should be applied in the Title VII context); see also Grice v. Balt. County, Civ. No. 07-1701, 2008 WL4849322, at *4 n. 3 (D.Md. Nov. 5, 2008), and cases cited therein.

In Holowecki, the wording of the Intake Questionnaire at issue stated that the form's purpose is to facilitate "pre-charge filing counseling" and to enable the agency to determine whether it has jurisdiction over potential charges." See 128 S.Ct. at 1159. The Supreme Court suggested that such a form, without more, could not be reasonably construed as a request for the agency to take remedial action. See 128 S.Ct. at 1159 ("Were the Intake Questionnaire the only document before us we might agree its handwritten statements do not request action."). The Supreme Court ultimately found that the Intake Questionnaire constituted a charge, however, because it was "supplemented with a detailed six-page affidavit" asking the agency to "[p]lease force [the defendant] to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment . . . ." Id. at 1159-60.

In the instant matter, to determine which Title VII causes of action Plaintiff has exhausted, Johnson urges this Court to look not only to the substance of his administrative charge filed on November 22, 2004, but also to: (1) the "Supplemental

Intake Questionnaire" he submitted to the EEOC prior to submitting his Charge of Discrimination, (2) the cover letter attached to Johnson's Charge of Discrimination which was drafted by the EEOC and mailed to Johnson for his signature, and (3) the EEOC submissions of co-Plaintiff Lisa Cloud. [Doc. 241].

None of the documents attached to Plaintiff Johnson's Opposition to Defendant's Motion for Summary Judgment may properly be considered by this Court. The "Supplemental Intake Questionnaire" that Johnson submitted to the EEOC does not include a request for remedial agency action. [See Doc. 241, Ex. A6-A9]. In addition, because it was submitted on August 26, 2004, before Johnson submitted his formal administrative charge, any claims it states that are not included in the administrative charge, or that cannot reasonably be expected to grow out of the charge, should be considered waived. See Novitsky v. American Consulting Engineers, L.L.C., 196 F.3d 699, 702 (7th Cir. 1999) (stating that under Title VII, "it is the charge rather than the questionnaire that matters. Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation."). Moreover, contrary to Johnson's argument, the EEOC's generalized cover letter attached to Johnson's Charge of Discrimination stating that "[t]he date of signature of the charge will not affect the jurisdiction date established in any original written complaint previously given to the EEOC," does not convert the Supplemental Intake Questionnaire into a "charge."

Regarding Lisa Cloud's EEOC submissions, Johnson has not identified any authority that would permit this Court to consider those documents as a requests made by Plaintiff Johnson for remedial action. Thus, the Court may only look to the substance of Johnson's Charge of Discrimination to determine whether Johnson exhausted his administrative remedies as to his Title VII claims of hostile work environment and retaliation.

### B. Plaintiff's Charge of Discrimination

Plaintiff argues that his claims of hostile work environment and retaliation are not exhausted because they are "like or related to" the allegations contained within his administrative charge and/or are within the scope of a reasonable investigation of his charge. However, "THE PARTICULARS" section of Plaintiff's Charge of Discrimination makes no reference to his claims of hostile work environment or retaliation. It states simply and in its entirety:

> On February 28, 2004, I was discharged from my job as a clerk. I had worked for the Respondent since May 24, 1970.
>
> David Ebbrecht (WM), General Superintendent, and John Morse (WM), Director of Labor Relations, discharged me stating that I had stored and/or failed to delete emails containing nudity, failed to comply with policies and failed to devote myself to my duties.
>
> I believe that I was discharged because of my race, white, and sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I was discharged because of my disability in violation of the Americans with Disabilities Act. I believe that I was discharged because

> of my age, 59, in violation of the Age Discrimination in
> Employment Act.

[Charge of Discrimination, Doc. 193, Ex. A]. In addition, under the heading "DISCRIMINATION BASED ON," Plaintiff checked only the boxes labeled "Race," "Sex," "Age," and "Disability." Id.

The Court finds that the investigation which could reasonably be expected to grow out of the plain language of Plaintiff's EEOC Charge—alleging merely discriminatory discharge—would not include an investigation of claims of hostile work environment or retaliation. Plaintiff's claims of discrimination based on race, sex, disability, and age all arise from a single isolated incident—his discharge on February 28, 2004. See e.g., Esukpa v. John Eagle Sports City Toyota, 2006 WL 2371329, *2 (N.D. Tex. Aug. 15, 2006) (finding that the investigation that can reasonably be expected to grow out of a charge alleging only discriminatory discharge based on race and age would not include an investigation of claims of failure to promote, retaliation, harassment, or hostile work environment); Chambers v. Principi, 2006 WL 2255261, *3 (S.D. Miss., Aug. 7, 2006) (stating that "where the EEOC alleges only one theory of discrimination," "a plaintiff cannot advance additional grounds of discrimination in her court action related to that charge"). Accordingly, Defendant's motion to dismiss Johnson's Title VII hostile work environment and retaliation claims for failure to exhaust administrative remedies is **GRANTED**.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that the foregoing motion [Record Document193] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Johnson's request for sanctions be and is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE