# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Sharon Kennedy's Title VII claim of hostile work environment, Americans with Disabilities Act ("ADA") claim, and Age Discrimination in Employment ("ADEA") claim. [Record Document 196]. The motion is grounded in a claim that Kennedy failed to exhaust administrative remedies with respect to her Title VII claim of hostile work environment, ADA claim, and ADEA claim because these claims were not included in the Charge of Discrimination that she filed with the EEOC. See id. Plaintiff Kennedy states in response that she has exhausted administrative remedies as to her Title VII claims because her charges of class wide discrimination and "broad disparity in terms and conditions of employment and retaliatory discipline" are like or reasonably related to a claim of hostile work environment. [Record Document 244]. Plaintiff Kennedy does not, however, state any opposition to Defendant's motion with respect to her ADA and ADEA claims. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

### A. Scope of Exhaustion Requirement

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. Taylor v. Books A Million, Inc., 296

F.3d 376, 378-79 (5th Cir. 2002). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC and receive a notice of right to sue. Id. A Title VII suit "may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations . . . ." Turner v. St. Luke's Episcopal Health Sys., 2008 WL 706709 at *7 (S.D. Tex. Mar. 14, 2008) (citing Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1992)).

At issue in this case is the scope of the exhaustion requirement, which "has been defined in light of two competing Title VII policies that it furthers." Pacheco v. Mineta, 448 F.3d 783, 788-89 (5th Cir. 2006). As the Fifth Circuit has explained,

> On the one hand, because the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally. On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims. Indeed, a less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance . . . . [A]llowing a federal court complaint to proceed despite its loose 'fit' with the administrative charge and investigation is precluded if it would circumvent agency efforts to secure voluntary compliance before a civil action is instituted.

Id. (internal citations and quotation marks omitted). Accordingly, and keeping both considerations in mind, "this court interprets what is properly embraced in review of

a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970)) (internal quotation marks omitted). In doing so, the Court "engage[s] in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look[s] slightly beyond its four corners, to its substance rather than its label." Id.

As an initial matter, we note that "[a] discriminatory act alleged in a lawsuit but not included in an EEOC charge is not 'like or related to' acts that are alleged in an EEOC charge simply because both are based on the same type of discrimination." Turner, 2008 WL at *8. In order for a particular "alleged discriminatory act to fall within the scope of an EEOC charge, there must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination." Id.

### B. Hostile Work Environment

To prevail on such a claim a Title VII hostile work environment claim based on race, a plaintiff must show that he or she (1) belongs to a protected group, (2) was subjected to unwelcome harassment, (3) the harassment complained of was based on race, (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment

in question and failed to take prompt remedial action. Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002).

Kennedy claims in this suit that she "was subjected to a hostile work environment on the basis of race including but not limited to" the following incidents: (i) she was denied a promotion in September 2002 and May 2003, (ii) she was called "too bitchy" by Jim Canada, a white male, in an incident on October 15, 2003, where she was asking for information during a tense situation involving the release of toxins into the air of her workplace, (iii) she was given a ten day suspension for "rude and discourteous behavior" while Jim Canada was given a written reprimand and referred to anger management counseling, and (iv) she was fired on February 9, 2004 for pretextual reasons surrounding her use of company email. [Third Supp. Compl., Doc. 48, ¶ 72]. Kennedy argues her claim of hostile work environment is not exhausted because it is "like or reasonably related to" the allegations contained within her Charge of Discrimination. However, "THE PARTICULARS" section of Plaintiff's first Charge of Discrimination states simply and in its entirety:

> I was hired in May 1994. I was denied promotions to management in September 2002 and May 2003; MCS project, manager of customer service and claim agent and train dispatcher. I work as a customer service representative.
>
> None of these vacancies were advertised.
>
> I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended because of my race, Black. Blacks as a class have been

> discriminated against in hiring, promotions, transfers, job assignments, training, compensation, and other terms and conditions of employment.

[Charge of Discrimination, Doc. 244, Ex. B1].

The language in Kennedy's Charge of Discrimination is simply devoid of any indication that she believed she "was subjected to unwelcome harassment" on the basis of her race. Plaintiff's general reference to "other terms and conditions of employment" is insufficient to apprise either the EEOC or KCS that she had been subjected to the specific actions and statements alleged in the Third Supplemental Complaint or that she was otherwise harassed in the workplace.[1] See Cassey v. Coca-Cola Enterprises, 2006 WL 3862005, *5 (W.D.La. Dec. 29, 2006) (plaintiff's reference to his employer's discrimination against blacks in "promotions, pay, demotions and other terms and conditions of employment" was not enough to notify the employer that he was also subjected to unwelcome harassment in the workplace); see also, Otokunrin v. MBNA Technology, Inc., 2004 WL 833599, *4-5 (N.D.Tex. Apr. 16, 2004). Because a claim of hostile work environment would not ordinarily be expected to grow out of a reasonable investigation of Plaintiff's charge,

---

[1] Plaintiff argues that in response to EEOC's Request for Information regarding the issues raised in the charge, KCS submitted its "Anti-Harassment Policy" and, therefore, should be estopped from claiming that her claim of hostile work environment is unrelated. However, the Court cannot properly consider KCS's submissions to the EEOC when determining whether Kennedy exhausted her administrative remedies because these documents cannot be construed as a request *by the complainant* "to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." See Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008).

the Court finds Plaintiff Kennedy failed to exhaust her administrative remedies with respect to her Title VII claim of hostile work environment.

### C. ADA and ADEA Claims

Plaintiff Kennedy has not opposed Defendant's Motion for Partial Summary Judgment as to her ADA and ADEA claims. Even if Kennedy had offered an opposition, her Charge of Discrimination (quoted above) does not refer to any claim of discrimination, retaliation, or hostile work environment based on disability and/or age. Accordingly, the Court finds Plaintiff Kennedy failed to exhaust her administrative remedies with respect to her ADA claims and ADEA claims.

## III. CONCLUSION

Therefore, **IT IS ORDERED THAT** the foregoing motion [Record Document 196] be and is hereby **GRANTED**. Kennedy's Title VII claim of hostile work environment, ADA claims, and ADEA claims are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED THAT** Plaintiff Kennedy's request for sanctions be and is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE