**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Isabel Melder's Title VII claims of hostile work environment, retaliation, and sex discrimination. [Record Document 205]. The motion is grounded in a claim that Melder failed to exhaust administrative remedies with respect to her Title VII claims of hostile work environment, retaliation, and sex discrimination because these claims where not included in the Charge of Discrimination that she filed with the EEOC. See id. Plaintiff Melder states in response that she has exhausted administrative remedies with respect to her Title VII claims of hostile work environment and retaliation because these claims are like or reasonably related to the allegations in her Charge of Discrimination. [Record Document 276]. Plaintiff Melder does not, however, state any opposition to Defendant's motion with respect to claim of discrimination on the basis of sex. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

### A. Scope of Exhaustion Requirement

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. Taylor v. Books A Million, Inc., 296

F.3d 376, 378-79 (5th Cir. 2002). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC and receive a notice of right to sue. Id. A Title VII suit "may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations . . . ." Turner v. St. Luke's Episcopal Health Sys., 2008 WL 706709 at *7 (S.D. Tex. Mar. 14, 2008) (citing Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1992)).

At issue in this case is the scope of the exhaustion requirement, which "has been defined in light of two competing Title VII policies that it furthers." Pacheco v. Mineta, 448 F.3d 783, 788-89 (5th Cir. 2006). As the Fifth Circuit has explained,

> On the one hand, because the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally. On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims. Indeed, a less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance . . . . [A]llowing a federal court complaint to proceed despite its loose 'fit' with the administrative charge and investigation is precluded if it would circumvent agency efforts to secure voluntary compliance before a civil action is instituted.

Id. (internal citations and quotation marks omitted). Accordingly, and keeping both considerations in mind, "this court interprets what is properly embraced in review of

a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970)) (internal quotation marks omitted). In doing so, the Court "engage[s] in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look[s] slightly beyond its four corners, to its substance rather than its label." Id.

As an initial matter, we note that "[a] discriminatory act alleged in a lawsuit but not included in an EEOC charge is not 'like or related to' acts that are alleged in an EEOC charge simply because both are based on the same type of discrimination." Turner, 2008 WL at *8. In order for a particular "alleged discriminatory act to fall within the scope of an EEOC charge, there must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination." Id.

Recently, in Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008), the Supreme Court held that a document filed with the EEOC constitutes a "charge" for the purposes of the Age Discrimination in Employment Act ("ADEA") when "it [can] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008). Other federal district courts have extended

Holowecki to claims filed pursuant to Title VII rather than the ADEA. See Beckham v. Nat'l R.R. Passenger Corp., 590 F. Supp. 2d 82, 86 (D.D.C. 2008) (holding that "because of the similarities between the statutory scheme of the ADEA and Title VII concerning exhaustion of administrative remedies," Holowecki's holding concerning the interpretation of "charge" should be applied in the Title VII context); see also Grice v. Balt. County, Civ. No. 07-1701, 2008 WL4849322, at *4 n. 3 (D.Md. Nov. 5, 2008), and cases cited therein.

In Holowecki, the wording of the Intake Questionnaire at issue stated that the form's purpose is to facilitate "pre-charge filing counseling" and to enable the agency to determine whether it has jurisdiction over potential charges." See 128 S.Ct. at 1159. The Supreme Court suggested that such a form, without more, could not be reasonably construed as a request for the agency to take remedial action. See 128 S.Ct. at 1159 ("Were the Intake Questionnaire the only document before us we might agree its handwritten statements do not request action."). The Supreme Court ultimately found that the Intake Questionnaire constituted a charge, however, because it was "supplemented with a detailed six-page affidavit" asking the agency to "[p]lease force [the defendant] to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment . . . ." Id. at 1159-60.

Relying on Holowecki, Melder urges this Court to look not only to the substance of her administrative charge, but also to: (1) a "Supplemental Intake

Questionnaire" she submitted to the EEOC prior to filing her Charge of Discrimination, (2) the EEOC submissions of co-plaintiffs Lisa Cloud and Tammye Stinson, and (3) EEOC determinations and correspondence regarding the administrative claims of other co-Plaintiffs in this case. [Doc. 276]. Plaintiff Melder argues that all of these documents would have been uncovered in the course of an EEOC investigation of her administrative charge and, therefore, should be considered by the Court in its efforts to determine which Title VII causes of action Plaintiff has exhausted.

Contrary to Plaintiff's argument, none of the documents attached to Plaintiff Melder's Opposition to Defendant's Motion for Summary Judgment may properly be considered by this Court. The "Supplemental Intake Questionnaire" that Melder submitted to the EEOC does not include a request for remedial agency action. [See Doc. 276, Ex. B]. In addition, because it was submitted on June 29, 2004, before Melder submitted his formal administrative charge, any claims it states that are not included in her administrative charge or that cannot reasonably be expected to grow out of her charge should be considered waived. See Novitsky v. American Consulting Engineers, L.L.C., 196 F.3d 699, 702 (7th Cir. 1999) (stating that under Title VII, "it is the charge rather than the questionnaire that matters. Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation.").

Regarding the EEOC submissions of co-plaintiffs Lisa Cloud and Tammye Stinson and the EEOC determinations and correspondence regarding the administrative complaints of other co-plaintiffs, Melder has not identified any authority that would permit this Court to consider those documents as a requests made by Plaintiff Melder for remedial action. Hence, the Court may only look to the substance of Melder's Charge of Discrimination to determine whether Melder exhausted her administrative remedies as to her Title VII claims of hostile work environment, retaliation, and sex discrimination.

**B.    Plaintiff's Charge of Discrimination**

Plaintiff Melder claims of "hostile work environment on the basis of race" and retaliation are based on the following incidents: (i) Barbara Sheppard harassed her with constant criticism, (ii) she reported this harassment to others in the company but nothing was done, and (iii) she was fired on March 6, 2004 for allegedly violating company e-mail policies. [Third Supp. Compl., Doc. 276, ¶ 76]. Melder argues her Title VII claims of hostile work environment and retaliation are not exhausted because they are "like or reasonably related to" the allegations contained within her Charge of Discrimination as well as the scope of the investigation reasonably expected to grow therefrom. However, "THE PARTICULARS" section of Melder's Charge of Discrimination makes no reference to her claims of hostile work environment or retaliation. It states simply and in its entirety:

> I was discharged on February 9, 2004. I had been employed by this company since August 1996.
>
> The reason given for my discharge was storing and sending nudity in the e-mail.
>
> I believe that I was discharged because of my race, Hispanic, and national origin, Honduran, in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Charge of Discrimination, Doc. 276, Ex. A3]. Furthermore, under the heading "DISCRIMINATION BASED ON," Plaintiff checked only the boxes labeled "Race" and "National Origin." See id.

Plaintiff's Charge of Discrimination alleges that she was discriminated against solely on the basis of her race and national origin. The Court finds no mention in the charge of any discrete sexually discriminatory acts, of any pattern of discriminatory act (*i.e.*, hostile work environment), or retaliation on the part of KCS. The factual statements in Plaintiff's charge are wholly insufficient to apprise either the EEOC or KCS that Melder believed she had been subjected to the harassment alleged in the Third Supplemental Complaint, or that she believed she was being retaliated against or being discriminated against on the basis of her sex. See Cassey v. Coca-Cola Enterprises, 2006 WL 3862005, *5 (W.D.La. Dec. 29, 2006) (plaintiff's reference to his employer's discrimination against Blacks in "promotions, pay, demotions and other terms and conditions of employment" was not enough to notify the employer that he was also subjected to unwelcome harassment in the workplace); Gomez v. Orleans Parish School Bd., 2005 WL 2050285, *6 (E.D.La. Aug. 11, 2005) (plaintiff's

Charge of Discrimination alleging that she was discriminated against solely on the basis of retaliation was not sufficient apprise the employer of her claims of discrimination on the basis of race and hostile work environment). Because claims of hostile work environment, retaliation, and sex discrimination would not ordinarily be expected to grow out of a reasonable investigation of Plaintiff's charge, the Court finds Plaintiff Melder failed to exhaust her administrative remedies with respect to her Title VII claims of hostile work environment, retaliation, and sex discrimination.

### III. CONCLUSION

Accordingly, **IT IS ORDERED THAT** the foregoing motion [Record Document 205] be and is hereby **GRANTED**. Melder's Title VII claims of hostile work environment, retaliation, and sex discrimination are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED THAT** Plaintiff Melder's request for sanctions be and is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE