**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

CLARENCE CARGO, *et al.*,                      CIVIL ACTION NO.  05-2010

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

KANSAS CITY SOUTHERN                           MAGISTRATE JUDGE HORNSBY

---

**MEMORANDUM RULING**

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Timothy Stanley's Title VII claims of failure to promote and retaliation and his Americans with Disabilities ("ADA") claims.  [Record Document 185].  The motion is grounded in a claim that Stanley failed to exhaust administrative remedies with respect to his Title VII claims of failure to promote and retaliation and ADA claims because these claims were not included in the Charge of Discrimination he submitted to the EEOC on November 18, 2004.  See id.  Plaintiff Stanley states in response that he has exhausted administrative remedies with respect to his Title VII claim of retaliation because this claim is like or reasonably related to the Charge of Discrimination and other documents he filed with the EEOC.  [Record Document 229].  Plaintiff Stanley does not, however, state any opposition to Defendant's motion with respect to his Title VII claim of failure to promote or his ADA claims.  For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED in part** and **DENIED in part.**  Stanley's **Title VII claim of failure to**

**promote** and his **ADA claims** are **DISMISSED,** and his Title VII claim of retaliation survives.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

### A. Scope of Exhaustion Requirement

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC and receive a notice of right to sue. Id. A Title VII suit "may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations . . . ." Turner v. St. Luke's Episcopal Health Sys., 2008 WL 706709 at *7 (S.D. Tex. Mar. 14, 2008) (citing Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1992)).

At issue in this case is the scope of the exhaustion requirement, which "has been defined in light of two competing Title VII policies that it furthers." Pacheco v. Mineta, 448 F.3d 783, 788-89 (5th Cir. 2006). As the Fifth Circuit has explained,

> On the one hand, because the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally. On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims. Indeed, a less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance . . . . [A]llowing a federal court complaint to proceed despite its loose 'fit' with the administrative charge and investigation is precluded if it would circumvent agency efforts to secure voluntary compliance before a civil action is instituted.

Id. (internal citations and quotation marks omitted). Accordingly, and keeping both considerations in mind, "this court interprets what is properly embraced in review of a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970)) (internal quotation marks omitted). In doing so, the Court "engage[s] in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look[s] slightly beyond its four corners, to its substance rather than its label." Id.

As an initial matter, we note that "[a] discriminatory act alleged in a lawsuit but not included in an EEOC charge is not 'like or related to' acts that are alleged in an EEOC charge simply because both are based on the same type of discrimination." Turner, 2008 WL at *8. In order for a particular "alleged discriminatory act to fall within the scope of an EEOC charge, there must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination." Id.

In the instant matter, to determine which Title VII causes of action Plaintiff has exhausted, Stanley urges this Court to look not only to the substance of his administrative charge signed on February 12, 2003, but also to: (1) a "Supplemental Intake Questionnaire" he submitted prior to filing his Charge of Discrimination, (2) a "Supplemental Intake Questionnaire" he submitted after filing his Charge of

Discrimination, and (3) the EEOC Form 283 "Charge Questionnaire" he submitted after filing his Charge of Discrimination.  [Doc. 229, Exs. B3-6, D, E].

A recent Supreme Court decision held that an EEOC "Intake Questionnaire," constitutes a "charge" for the purposes of the ADEA when "it [can] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008); see also Beckham v. Nat'l R.R. Passenger Corp., 590 F. Supp. 2d 82 , 86 (D.D.C. 2008) (noting that "because of the similarities between the statutory scheme of the ADEA and Title VII concerning exhaustion of administrative remedies," Holowecki's holding concerning the interpretation of "charge" should be applied in the Title VII context) (citing Grice v. Balt. County, Civ. No. 07-1701, 2008 WL4849322, at *4 n. 3 (D.Md. Nov. 5, 2008).

In Holowecki, the Supreme Court implied that a completed Intake Questionnaire, without more, could not be reasonably construed as a request for the agency to take remedial action.  See 128 S.Ct. at 1159 ("Were the Intake Questionnaire the only document before us we might agree its handwritten statements do no request action." Id.).  The Supreme Court ultimately found that the Intake Questionnaire constituted a charge, however, because it was "supplemented with a detailed six-page affidavit" asking the agency to "[p]lease force [the defendant]

to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment . . . ." Id. at 1159-60.

Three of the documents Plaintiff Stanley submitted to the EEOC and attached to his Opposition to the Motion for Summary Judgment can reasonably be construed as a request for the agency to take remedial action. Unquestionably, the "Charge of Discrimination" that Stanley signed on November 18, 2004, which is his formal administrative complaint, and which states that "he was terminated in violation of Title VII of the Civil Rights Act of 1964," can be construed as a request for the agency to take remedial action. In addition, the EEOC Form 283 "Charge Questionnaire" and the "Supplemental Intake Questionnaire" that Stanley signed on December 29, 2004 may also be so construed. Under the heading "PRINCIPAL PURPOSE" at the bottom of the second page, the Charge Questionnaire states that "[w]hen this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will ... consider it to be a sufficient charge of discrimination under the relevant statute(s)." [Doc. 229, Ex. E]. With respect to the Supplemental Intake Questionnaire, Stanley attached a letter and detailed log of events which he deemed to be discriminatory. It is clear that Stanley sought, by submitting these two questionnaires to the EEOC after he filed his Charge of Discrimination, to supplement his Charge of Discrimination by providing additional factual details surrounding his alleged discriminatory discharge and to amend the Charge of Discrimination to include additional claims of discrimination.

[See Doc. 229, Exs. D, E]. Because these two questionnaires contain the only timely written statement of some of Plaintiff Stanley's allegations, see infra, and because they were filed after and in an apparent effort to amend the Charge of Discrimination, this Court will construe these documents as a request for the EEOC to take remedial action. See Beckham, 590 F. Supp. 2d at 87 (holding that a completed Charge Questionnaire was sufficient to constitute a "charge" of discrimination).

This Court will not consider the other "Supplemental Intake Questionnaire" that Stanley filed in support of his Opposition. The "Supplemental Intake Questionnaire" that Stanley submitted to the EEOC does not include a request for remedial agency action. In addition, because it was submitted on September 15, 2004, before Stanley submitted his administrative charge, any claims it states that are not included in Stanley's Charge of Discrimination, or that cannot reasonably be expected to grow out of his charge, should be considered waived. See Novitsky v. American Consulting Engineers, L.L.C., 196 F.3d 699, 702 (7th Cir. 1999) (stating that under Title VII, "it is the charge rather than the questionnaire that matters. Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation.").

An analysis of each of Stanley's Title VII claims and ADA claims with reference to statements Plaintiff submitted to the EEOC in his Charge of Discrimination, Charge Questionnaire, and Supplemental Intake Questionnaire follows.

**B.    Retaliation**

Title VII's anti-retaliation provision  makes it unlawful  for an employer to discriminate against any of its employees (1) because he "has opposed any practice made an unlawful employment practice by this subchapter," or (2) because he "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Crawford v. Metro. Gov't of Nashville & Davidson, —U.S.—, 129 S.Ct. 846, 850 (2009) (citing 42 U.S.C. § 2000e-3(a).

In this lawsuit, Stanley alleges the following incidents support his claim of retaliation: (1) he suffered an on the job injury in 2002 while working in the Locomotive Shop area, where the hangman's noose was located, (2) he reported this injury to KCS management and this information was tacitly shared with KCS management, (3) in February 2004, KCS fired him for insubordination despite his having no prior violations, (4) he complained to the EEOC about the disparate treatment, and (5) KCS took no prompt or sufficient remedial action to rectify the discrimination.  [No. 06-572, Doc. 51, ¶¶ 95-98].

THE PARTICULARS" section of Plaintiff's Charge of Discrimination makes no reference to his claim of retaliation.  It states simply and in its entirety:

> On February 8, 2004, I was discharged from my position.
> I have been employed with Respondent since January 10,
> 2000 and classified as a Conductor.   The company
> employs more than 100+ employees at this facility.

Earl Kaufman, Terminal Director, stated I was discharged because I didn't call the tower and let them know the crew status.

I believe I was discharged because of my race, Black, and sex, Male, in violation fo Title VII of the Civil Rights Act of 1964, as amended, in that a White Male committed the same offense and was not discharged.

[Charge of Discrimination, Doc. 185, Ex. A]. Below this type-written statement, Stanley added the following handwritten note: "Hostile work environment. During my time in the shop I was told that as long as I was on the 2nd shift I would be hostling [sic]." Id.

Plaintiff's Supplemental Intake Questionnaire, however, expressly states: "The action taken against me was retaliatory and discriminatory . . . ." [Doc. 229, Ex. D2]. In addition, in Part IV of the questionnaire where the complainant is asked to place a check mark next to each category for which he believes he was discriminated, Plaintiff Stanley placed a check mark next to "Race," "Sex," and "Other." Id. He then wrote "Retaliation" and "Hostile Work Environment" next to his check mark in the space provided for "Other." Id. Unquestionably, the scope of an EEOC investigation that could reasonably be expected to grow out of the allegations contained within the Supplemental Intake Questionnaire would include Stanley's claim of retaliation. See Pacheco v. Mineta, 448 F.3d 783, 788-89 (5th Cir. 2006). Accordingly, Defendant's motion to dismiss Stanley's Title VII retaliation claim is **DENIED**.

### C. Failure to Promote and ADA Claims

In this lawsuit, Plaintiff Stanley states a cause of action "for discrimination based on protected activity" and a cause of action "for discrimination based on disability including but not limited to failure to accommodate disabilities." [No. 06-572, Doc. 51]. Stanley's Charge of Discrimination, quoted above, does not refer to his claim of failure to promote or discrimination based on disability. [Charge of Discrimination, Doc. 185, Ex. A]. Nor do his Charge Questionnaire or Supplemental Intake Questionnaire refer to these claims. The information provided on these documents merely supplement his Charge of Discrimination by providing additional factual details regarding his discriminatory discharge claim and seek to add only a claim of retaliation. Neither document includes any allegations "like or related to" a claim of failure to promote or discrimination based on disability. See Turner, 2008 WL 706709 at *7. Accordingly, Defendant's motion to dismiss Stanley's Title VII claim of failure to promote and ADA claims is **GRANTED.**

## III. CONCLUSION

Accordingly, **IT IS ORDERED THAT** the foregoing motion [Record Document185] be and is hereby **GRANTED in part** and **DENIED in part**. Stanley's **Title VII claim of failure to promote** and his **ADA claims** are **DISMISSED,** and his Title VII claim of retaliation survives.

**IT IS FURTHER ORDERED THAT** Plaintiff Stanley's request for sanctions be and is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in

support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE