# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Leon Sterling's Title VII claims of hostile work environment and retaliation. [Record Document 194]. The motion is grounded in a claim that Sterling failed to exhaust administrative remedies with respect to these claims because the Charge of Discrimination he filed did not include the allegations of hostile work environment and retaliation that he claims in this suit. See id. Plaintiff Sterling states in response that he has exhausted administrative remedies as to his hostile work environment claim because it is within the scope of a reasonable investigation of his Charge of Discrimination. [Record Document 243]. Plaintiff does not, however, state any opposition to Defendant's motion with respect to his retaliation claim. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

Employment discrimination plaintiffs must exhaust administrative remedies before they may seek judicial relief. McCain v. Lufkin Ind., Inc., 519 F.3d 264, 273 (5th Cir. 2008). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC. "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." Id. Only

after administrative efforts terminate and the EEOC issues a statutory notice of right to sue may the employee sue the employer in federal court. Id.

At issue in this case is the scope of the exhaustion requirement, which "has been defined in light of two competing Title VII policies that it furthers." Pacheco v. Mineta, 448 F.3d 783, 788-89 (5th Cir. 2006). On one hand, the scope of an EEOC charge should be liberally construed "because the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated pro se." Id. On the other hand, the "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." Id. Accordingly, keeping both considerations in mind, "this court interprets what is properly embraced in review of a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970)) (internal quotation marks omitted). In doing so, the Court must engage in a "fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." Id.

As an initial matter, we note that "[a] discriminatory act alleged in a lawsuit but not included in an EEOC charge is not 'like or related to' acts that are alleged in an EEOC charge simply because both are based on the same type of discrimination."

Turner v. St. Luke's Episcopal Health Sys., 2008 WL 706709, *8 (S.D. Tex. Mar. 14, 2008) . In order for a particular "alleged discriminatory act to fall within the scope of an EEOC charge, there must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination." Id.

Plaintiff argues that his claim of hostile work environment is not exhausted because "a claim of race and age-based hostile work environment could reasonably be expected to grow out of the investigation of [his] Charge." [Doc. 243]. However, "THE PARTICULARS" section of Plaintiff's Charge of Discrimination makes no reference to either his claim of hostile work environment or his claim of retaliation. It states simply and in its entirety:

> On 01-05-2005 I [was] suspended from my Conductor position. I have been employed with the railroad since 10-08-1970.
>
> Bill Richmond, White, age 40's, Train Master, told me that I was suspended for violating company policy and work rules when I did not inspect my train.
>
> I believe that I was suspended because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my age, 62, in violation of the Age Discrimination in Employment Act of 1967, as amended, in that:
>
> A. Richmond admitted that he intentionally disconnected a track side indicator in order to entrap my crew with a violation.

B. He suspended another Black and White employee who worked on my crew. To my knowledge, all White crews who had similar violations were not suspended.

C. Richmond has asked me, on three occasions, when will I retire and why was I working this particular job.

[Charge of Discrimination, Doc. 194, Ex. A].

The Court finds that the investigation which could reasonably be expected to grow out of the plain language of Plaintiff's EEOC Charge—alleging merely discriminatory discipline on the basis of his race and age—would not include an investigation of claims of hostile work environment or retaliation. Plaintiff's claims of discrimination based on race and age all arise from a single incident—his suspension on January 5, 2005. See e.g., Esukpa v. John Eagle Sports City Toyota, 2006 WL 2371329, *2 (N.D. Tex. Aug. 15, 2006) (finding that the investigation that can reasonably be expected to grow out of a charge alleging only discriminatory discharge based on race and age would not include an investigation of claims of failure to promote, retaliation, harassment, or hostile work environment); Chambers v. Principi, 2006 WL 2255261, *3 (S.D. Miss., Aug. 7, 2006) (stating that "where the EEOC alleges only one theory of discrimination," "a plaintiff cannot advance additional grounds of discrimination in her court action related to that charge"). Accordingly, the Court finds that Plaintiff Sterling failed to exhaust his administrative remedies as to his Title VII claims of hostile work environment and retaliation.

## III.  CONCLUSION

Therefore, **IT IS ORDERED** that the foregoing motion [Record Document194] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Sterling's request for sanctions be and is hereby **DENIED**.  Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE