# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Tammye Stinson's Title VII claim of failure to promote. [Record Document 197]. The motion is grounded in a claim that Stinson failed to timely file her charge of discrimination with regard to her failure to promote claim, and alternatively, failed to timely file suit after the issuance of the right to sue letter. See id. Plaintiff opposes this motion. [Record Document 269]. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

Employment discrimination plaintiffs must exhaust administrative remedies before they may seek judicial relief. McCain v. Lufkin Ind., Inc., 519 F.3d 264, 273 (5th Cir. 2008). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC. "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." Id. Only after administrative efforts terminate and the EEOC issues a statutory notice of right to sue may the employee sue the employer in federal court. Id.

Because Louisiana is a deferral state, a plaintiff's charge of discrimination must be filed within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000er-5(e)(1). Defendant argues Stinson failed to exhaust her administrative remedies with regard to her Title VII claim of failure to promote in August 1999 because she

did not timely assert her claim with the EEOC. Stinson signed a Charge of Discrimination on May 16, 2001, alleging that "[o]n or about August 1, 1999, [she] was denied a Hold-Down job as a temporary clerk in position #132." [Doc. 197, Ex. A]. She stated that she believed she had been discriminated against on the basis of her race because a white employee with less seniority was offered the position. Id. Because the lapse in time from the alleged discriminatory act—failure to promote on August 1, 1999—and the filing of her charge exceeded 300 days, Defendant contends Plaintiff Stinson's Title VII claim of failure to promote in August 1999 should be dismissed for failure to exhaust administrative remedies.

In support of her Opposition to Defendant's Motion for Summary Judgment, Plaintiff Stinson attached another Charge of Discrimination ("Second Charge") which she signed on March 31, 2003 and for which a right-to-sue letter was issued on October 14, 2004. [Doc. 248, Decl. ¶¶ 5-6, Ex. B3]. In the Second Charge, Stinson alleges a "continuing action" and states, in pertinent part:

> 2. Throughout my employment, I have made known my interest in promotion to a better or higher paying position at K.C.S. However, I have repeatedly been denied promotions to better paying and supervisory or managerial level positions. Specifically and most recently, I applied for a Manager Customer Service Center position and was denied that promotion. Upon information and belief, that position was awarded to a young white male who had worked for the company for only one (1) year. Upon information and belief, African-Americans are systematically excluded from supervisory and managerial level positions by the respondent. Further, upon information and belief, K.C.S. discriminates

> as a class in hiring, promotions, pay, and other terms and
> conditions of employment.

[Second Charge, Doc. 248, Ex. B3].

Because the Second Charge alleges a "continuing violation" and states that she has been denied promotions throughout her employment history, Stinson argues that she has exhausted her administrative remedies as to her August 1999 failure to promote claim. However, in Nat. R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14, 122 S.Ct. 2061, 2072-73 (2002), the United States Supreme Court held that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." A plaintiff can only file a charge to cover discrete acts within the 180- or 300-day time period after the discrete discriminatory act occurred. See id.

Consequently, only those acts that occurred 300 days prior to March 31, 2003, the day that Stinson filed her Second Charge, are actionable. Because her claim of failure to promote on or about August 1, 1999 occurred more than 300 days before she filed the Second Charge, the Court concludes that Plaintiff Stinson failed to exhaust her administrative remedies as to her August 1999 failure to promote claim.

## III. CONCLUSION

Accordingly, **IT IS ORDERED THAT** the foregoing motion [Record Document197] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Stinson's request for sanctions be and is hereby **DENIED**.  Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE