**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Angela Wade's Title VII claims of hostile work environment and retaliation. [Record Document 195]. The motion is grounded in a claim that Wade failed to exhaust administrative remedies with respect to her claims of hostile work environment and retaliation because she failed to include those claims in her Charge of Discrimination. See id. Plaintiff Wade states in response that she has exhausted her administrative remedies because her claims of hostile work environment and retaliation are within the scope of a reasonable investigation of her Charge of Discrimination. [Record Document 258]. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED in part** and **DENIED in part**. Plaintiff Wade's Title VII claim of retaliation is **DISMISSED,** and her Title VII claim of hostile work environment survives.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

Employment discrimination plaintiffs must exhaust administrative remedies before they may seek judicial relief. McCain v. Lufkin Ind., Inc., 519 F.3d 264, 273 (5th Cir. 2008). In order to exhaust his or her administrative remedies, a plaintiff

must first file a timely charge with the EEOC. "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." Id. Only after administrative efforts terminate and the EEOC issues a statutory notice of right to sue may the employee sue the employer in federal court. Id.

At issue in this case is the scope of the exhaustion requirement, which "has been defined in light of two competing Title VII policies that it furthers." Pacheco v. Mineta, 448 F.3d 783, 788-89 (5th Cir. 2006). On one hand, the scope of an EEOC charge should be liberally construed "because the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated pro se." Id. On the other hand, the "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." Id. Accordingly, keeping both considerations in mind, "this court interprets what is properly embraced in review of a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970)) (internal quotation marks omitted). In doing so, the Court must engage in a "fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." Id.

As an initial matter, we note that "[a] discriminatory act alleged in a lawsuit but not included in an EEOC charge is not 'like or related to' acts that are alleged in an EEOC charge simply because both are based on the same type of discrimination." Turner v. St. Luke's Episcopal Health Sys., 2008 WL 706709, *8 (S.D. Tex. Mar. 14, 2008) . In order for a particular "alleged discriminatory act to fall within the scope of an EEOC charge, there must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination."  Id.

Plaintiff argues that his claims of hostile work environment and retaliation are not exhausted because these claims are within the scope of a reasonable investigation of her charge. [Doc. 245]. Wade urges this Court to look not only to the substance of her administrative charge, but also to: (1) the EEOC submissions of her co-plaintiffs, and (2) the EEOC determinations and correspondence regarding the administrative claims of other co-plaintiffs in this case. Id. She argues that all of these documents would have been uncovered in the course of an EEOC investigation of her administrative charge and should be considered by the Court in its efforts to determine which Title VII causes of action Plaintiff has exhausted. However, Wade has not identified any authority that would permit this Court to consider those documents as a requests made by Plaintiff Wade for remedial action. See Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008). Consequently, the Court may only look to the substance of Wade's Charge of

Discrimination to determine whether Wade exhausted her administrative remedies as to her Title VII claims of hostile work environment and retaliation.

"THE PARTICULARS" section of Plaintiff's initial Charge of Discrimination states simply and in its entirety:

> I. On or about February 9, 2004 I was suddenly discharged from my position as a Clerk in Respondent's Customer Service Center. At the time I had been employed by the Respondent for more than three years.
>
> II. I was informed by Dave Ebrecht, Director of Customer Service, that I was being terminated for having sexual or non company material in my computer.
>
> III. I believe that I have been discriminated against because of my race, Black, and my sex, Female, in violation of Title VII.

[Charge of Discrimination, Doc. 295, Ex. A]. Plaintiff's amended charge, stamped "RECEIVED JAN 18 2005" by the EEOC, is an exact copy of her initial charge but includes the following handwritten statement on the bottom of the page: "IV. Hostile work environment." [Doc. 258, Ex. B2].

In appears that Wade sought, by re-filing her Charge of Discrimination, to amend the charge to include a claim of hostile work environment. However, nowhere in her initial Charge of Discrimination or her amended Charge of Discrimination does she make any allegations that are "like or reasonably related" to a claim of retaliation. Furthermore, under the heading "DISCRIMINATION BASED

ON," Wade checked only the boxes labeled "Race" and "Sex." She did not check the box labeled "Retaliation" to indicate she was asserting such a claim. See Jones v. Delta Towing, LLC, 512 F.Supp.2d 479, 486 (E.D.La. 2007) (plaintiff failed to exhaust his administrative remedies where he checked only the box next to "Race" and specified a claim of hostile work environment in the EEOC charge but made no mention of retaliation); Chambers v. Principi, 2006 WL 2255261, *3 (S.D.Miss. Aug. 7, 2006) (finding that where the EEOC charges alleges only a discrete instance of racial discrimination, the scope of the charge does not include a claim for retaliation). Accordingly, the Court finds Plaintiff Wade failed to exhaust her administrative remedies with respect to her retaliation claim.

## III. CONCLUSION

Therefore, **IT IS ORDERED** that the foregoing motion [Record Document 195] be and is hereby **GRANTED in part** and **DENIED in part**. Plaintiff Wade's Title VII claim of retaliation is **DISMISSED,** and her Title VII claim of hostile work environment survives.

**IT IS FURTHER ORDERED THAT** Plaintiff Wade's request for sanctions be and is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

                                                     S. MAURICE HICKS, JR.
                                                   UNITED STATES DISTRICT JUDGE