# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff John McClain's claims of hostile work environment and discriminatory discipline filed pursuant to Title VII, the Age Discrimination in Employment Act ("ADEA"), and Americans with Disabilities Act ("ADA"). [Record Document 189]. The motion is grounded in a claim that McClain failed to exhaust administrative remedies with respect to these claims because he did not file a Charge of Discrimination with the EEOC. See id. Plaintiff McClain states in response that, under the "single filing rule," his administrative remedies as to his Title VII claims have been exhausted by his co-Plaintiffs Tammye Stinson, Sharon Crump, Sharon Kennedy, Lisa Cloud, and Renee Caldwell. [Record Document 236]. Plaintiff does not, however, state any opposition to Defendant's motion with respect to his ADEA and ADA claims. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

Employment discrimination plaintiffs must exhaust administrative remedies before they may seek judicial relief. McCain v. Lufkin Ind., Inc., 519 F.3d 264, 273 (5th Cir. 2008). In order to exhaust his or her administrative remedies, a plaintiff

must first file a timely charge with the EEOC. "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." Id. Once administrative efforts terminate and the EEOC issues a statutory notice of right to sue, a plaintiff has 90 days to file a Title VII action.

However, the Fifth Circuit has recognized that "literal compliance does not always effectuate the requirement's purpose of promoting informal settlements." Price v. Choctaw Glove & Safety Co., 459 F.3d 595, 598 (5th Cir. 2006) (citing Crawford v. United States Steel Corp., et al., 660 F.2d 663, 666 (5th Cir. 1981)). "[I]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful[?]" Id. (quoting Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968)). Thus, the Fifth Circuit has carved out a limited exception to the Title VII filing requirement that allows a non-filing party to "opt-in to a suit filed by any similarly situated plaintiff" who followed the administrative procedures." Id.

In Bettcher v. The Brown Schools, Inc., 262 F.3d 492, 494-95 (5th Cir. 2001), the Fifth Circuit explained that there are three conditions that must be satisfied before a plaintiff may invoke the "single filing rule":

> First, the plaintiff must be similarly situated to the person who actually filed the EEOC charge. Second, the charge must have provided some notice of the collective or class-

> wide nature of the charge. Finally, a prerequisite–implicit to be sure–for piggybacking under the single filing rule is the requirement that the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff may join.

Id. (internal citations and quotations omitted). In addition, a plaintiff attempting to piggyback on another plaintiff's charge must show that the charge was filed within the applicable 300-day time period for the plaintiff to file. See Lumpkin v. Coca-Cola Bottling, Co. United, Inc., 216 F.R.D. 380, 385 (S.D. Miss. 2003) ("a class action complaint cannot revive claims which were already time-barred when the original charge was filed. . . [I]rrespective of a continuing pattern or practice of discrimination by an employer, those individuals who terminated their employment with the defendant prior to the 300-day cutoff under Title VII may not join the class challenging such discrimination") (internal citations omitted).

In this lawsuit, McClain claims he was subjected to a hostile work environment between 1998 and 2000. [Third Supp. Compl., Doc. 48]. However, Plaintiffs Tammye Stinson, Sharon Crump, Sharon Kennedy, Lisa Cloud and Renee Caldwell each filed their Charges of Discrimination in 2003 and 2004—more than 300 days after McClain's claim of hostile work environment arose. [Doc. 236, Exs. B1, C1, D1, E1, F1]. Therefore, irrespective of whether McClain is able to satisfy the three conditions set forth by the Fifth Circuit in Bettcher, McClain cannot use the single filing rule to piggyback his hostile work environment claim onto the charges of the other Plaintiffs. See e.g., Lumpkin, 216 F.R.D. at 385.

McClain also claims in this suit that (1) his name was placed on a list of people to be disciplined on the basis of race and sex, (2) he received a 30-day suspension in March 2004, and (3) this suspension was in retaliation for his medical condition and prior EEOC filing. [Third Supp. Comp., Doc. 48, ¶ 74]. Because Plaintiff Crump's, Plaintiff Kennedy's, and one of Plaintiff Stinson's Charges of Discrimination were filed in 2003—prior to the time McClain's discriminatory discipline claim arose—the Court will look only to the charges of Plaintiff Cloud, Plaintiff Caldwell, and the 2004 charge filed by Plaintiff Stinson to determine whether McClain may "piggyback" his claim of discriminatory discipline.

Defendant argues McClain cannot piggyback on the charges filed by Plaintiffs Cloud, Caldwell, and Stinson because they did not allege a collective or class-wide action in their charge. [Doc. 287]. The Court agrees. Notice of collective or class-wide actions in a formal administrative charge of discrimination is a necessary requirement under the single filing rule. "Failure to require some notice of class claims in the charge would require employers to treat all individual charges as potential class actions." Anson v. Univ. of Texas Health Sci. Center at Houston, 962 F.2d 539, 543 (5th Cir. 1992). A formal administrative charge need not specify that the claimant purports to represent a class or other's similarly situated, but "there must be some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim." Id. "Such a claim alerts the EEOC that more is alleged than an isolated act of discrimination and

affords sufficient notice to the employer to explore conciliation with the affected group." Id.

Here, Plaintiff Cloud and Plaintiff Caldwell allege merely singular, isolated acts of discriminatory discharge on the basis of race and sex. [See Doc. 240, Ex. B5; Doc. 256, Ex. B5]. Similarly, Plaintiff Stinson's 2004 Charge of Discrimination and its amendments fail to allege a collective or class-wide action. [See Doc. 236, Ex. A15-18]. Although Plaintiff Stinson stated in her charge that Defendant prepared a document identifying employees by race and sex, the same list on which McClain's name was allegedly placed, she admits that her name was not on the list, that she was not discharged, and does not otherwise identify any discriminatory actions that were taken against persons on that list. Id. Accordingly, in the absence of notice to either Defendant or the EEOC of a collective or class-wide action of discriminatory discipline, McClain cannot use the single filing rule to piggyback his claim on the charges filed by the other plaintiffs.

### III.  CONCLUSION

Therefore, **IT IS ORDERED** that the foregoing motion [Record Document189] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff McClain's request for sanctions be and is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE