# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Harry Parker's claims of hostile work environment and discriminatory discharge filed pursuant to Title VII and the Age Discrimination in Employment Act ("ADEA"). [Record Document 191]. The motion is grounded in a claim that Parker failed to exhaust administrative remedies with respect to his Title VII claims because he did not timely file a Charge of Discrimination with the EEOC. Additionally, Defendant argues Parker is barred from asserting a claim under the ADEA because his Charge of Discrimination did not include such a claim. See id. Plaintiff Parker states in response that, under the "single filing rule," his administrative remedies as to his Title VII claims have been exhausted by his co-Plaintiffs Tammye Stinson, Sharon Crump, and Sharon Kennedy. [Record Document 242]. Plaintiff does not, however, state any opposition to Defendant's motion with respect to his ADEA claims. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED.**

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002).  If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II.  LAW AND ANALYSIS

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court.  Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002).  Exhaustion occurs when the plaintiff timely files

a charge with the EEOC, his or her claim is dismissed by the agency, and the plaintiff receives statutory notice of right to sue. Id.

Because Louisiana is a deferral state, a plaintiff's charge of discrimination must be filed within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). In this lawsuit, Plaintiff Parker asserts that he was discriminatorily discharged on January 22, 2003. However, he did not file his Charge of Discrimination with the EEOC until March 15, 2005—more than 300 days after the alleged discriminatory act. [Doc. 191, SOF 1-4]. Parker's Charge of Discrimination is therefore untimely.

Nevertheless, Parker contends he should be allowed to proceed on his Title VII claims because, under the single filing rule, those claims have been exhausted by other co-plaintiffs. Under the "single filing rule," "an individual who has not filed an administrative charge can opt-in to a suit filed by any similarly situated plaintiff under certain conditions." Anson v. Univ. of Texas Health Sci. Center at Houston, 962 F.2d 539, 541 (5th Cir. 1992). But the Fifth Circuit has been explicit in stating that the "single filing rule" is a "carefully limited exception." Bettcher v. The Brown Schools, Inc., 262 F.3d 492, 493-95 (5th Cir. 2001). It allows only an individual, "*who did not file an EEOC charge*, to piggyback on the EEOC complaint filed by another person who is similarly situated." Mooney v. Aramco Services, Co., 54 F.3d 1207, 1223 (5th Cir. 1995) (italics in original), overruled on other grounds by Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004). An employee who files a

charge but fails to assert a particular allegation in his charge, or likewise fails to timely file his charge to allege a claim of discrimination, "has necessarily excluded himself from the class of persons purportedly covered by the charge of another." Id. at 1223-24. Accordingly, because Plaintiff Parker failed to timely file his Charge of Discrimination alleging that he was discriminated against on the basis of race in violation of Title VII, and failed to assert any claim under the ADEA, the single filing rule is inapplicable and Parker cannot piggyback his claims onto the charges of the other plaintiffs.

## III. CONCLUSION

Therefore, **IT IS ORDERED** that the foregoing motion [Record Document191] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Parker's request for sanctions be and is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE