**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are Defendant's Motions for Partial Summary Judgment on Plaintiff Charlie Stinson and Plaintiff Leo Tolbert's claims filed pursuant to Title VII and the Age Discrimination in Employment Act ("ADEA"). [Record Documents 181, 186]. The motions are grounded in a claim that Stinson and Tolbert failed to exhaust their administrative remedies with respect to these claims because they have not filed charges of discrimination with the EEOC. See id. Plaintiffs Stinson and Tolbert state in response that, under the "single filing rule," their administrative remedies as to their Title VII claims have been exhausted by co-Plaintiffs Derek Lamatte, Randall Corsentino, and Frederick Green. [Record Documents 227, 230]. Plaintiffs do not, however, state any opposition to Defendant's motions with respect to their ADEA claims. For the reasons that follow, Defendant's Motions for Partial Summary Judgment are **GRANTED**.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

Employment discrimination plaintiffs must exhaust administrative remedies before they may seek judicial relief. McCain v. Lufkin Ind., Inc., 519 F.3d 264, 273 (5th Cir. 2008). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC. "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." Id. Once

administrative efforts terminate and the EEOC issues a statutory notice of right to sue, a plaintiff has 90 days to file a Title VII action.

It is undisputed that Plaintiffs Stinson and Tolbert failed to file charges of discrimination with the EEOC. However, the Fifth Circuit has recognized that "literal compliance does not always effectuate the requirement's purpose of promoting informal settlements." Price v. Choctaw Glove & Safety Co., 459 F.3d 595, 598 (5th Cir. 2006) (citing Crawford v. United States Steel Corp., et al., 660 F.2d 663, 666 (5th Cir. 1981)). "[I]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful[?]" Id. (quoting Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968)). Thus, the Fifth Circuit has carved out a limited exception to the Title VII filing requirement that allows a non-filing party to "opt-in to a suit filed by any similarly situated plaintiff" who followed the administrative procedures." Id.

In Bettcher v. The Brown Schools, Inc., 262 F.3d 492, 494-95 (5th Cir. 2001), the Fifth Circuit explained that there are three conditions that must be satisfied before a plaintiff may invoke the "single filing rule":

> First, the plaintiff must be similarly situated to the person who actually filed the EEOC charge. Second, the charge must have provided some notice of the collective or class-wide nature of the charge. Finally, a prerequisite–implicit to be sure–for piggybacking under the single filing rule is

> the requirement that the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff may join.

Id. (internal citations and quotations omitted). In addition, a plaintiff attempting to piggyback on another plaintiff's charge must show that the charge was filed within the applicable 300-day time period for the plaintiff to file. See Lumpkin v. Coca-Cola Bottling, Co. United, Inc., 216 F.R.D. 380, 385 (S.D. Miss. 2003) ("a class action complaint cannot revive claims which were already time-barred when the original charge was filed. . . [I]rrespective of a continuing pattern or practice of discrimination by an employer, those individuals who terminated their employment with the defendant prior to the 300-day cutoff under Title VII may not join the class challenging such discrimination") (internal citations omitted).

In this lawsuit, Stinson claims "racial discrimination prevented his being allowed into engine service for years, that defendant failed to promote him based upon his race, and that he worked in a racially Hostile Work Environment." [No. 06-572, First Supp. Compl., Doc. 51]. Similarly, Colbert claims he "was wrongfully denied the opportunity to be trained to become an engineer," that he "was given disparate discipline from comparable white conductors," and that he "was subjected to a hostile work environment." Id. Both Stinson and Colbert's claims arose during their employment with defendant, which terminated in November 2002 and October 2003, respectively. [Doc. 186, Ex. A, #4; No. 06-572, Doc. 51]. However, Plaintiffs Derek Lamatte, Randall Corsentino, and Frederick Green did not file their charge

questionnaires[1] and formal administrative charges with the EEOC until sometime in 2004 and 2005—more than 300 days after Stinson and Tolbert's employment with the Defendant ceased and any claim under Title VII or the ADEA arose. [See Doc. 230, Exs. B-D]. Consequently, irrespective of whether Stinson is able to satisfy the three conditions set forth by the Fifth Circuit in Bettcher, Stinson cannot use the single filing rule to piggyback his Title VII and ADEA claims onto the charges of the other Plaintiffs. See e.g., Lumpkin, 216 F.R.D. at 385. In the absence of a timely filed administrative charge of discrimination, Plaintiffs Stinson and Tolbert and barred from asserting any Title VII and ADEA claims in this matter.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that the foregoing motions [Record Documents 181, 186] be and are hereby **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Stinson and Plaintiff Tolbert's requests for sanctions be and are hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

---

[1] Because the charge questionnaires were not filed within the applicable statute of limitations, the Court need not decide whether the charge questionnaires filed by the other plaintiffs can properly be considered by this Court as "request[s] for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." See Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008)

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE