# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

CLARENCE CARGO, *et al.*,               CIVIL ACTION NO. 05-2010

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

KANSAS CITY SOUTHERN                     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff Judy Davidson's claims filed pursuant to Title VII, Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). [Record Document 179]. The motion is grounded in a claim that Davidson failed to exhaust administrative remedies with respect to her Title VII, ADA, and ADEA claims because she did not timely file a Charge of Discrimination with the EEOC. See id. Plaintiff Davidson states in response that, under the "single filing rule," her administrative remedies as to her Title VII claims have been exhausted by her co-Plaintiffs Tammye Stinson, Sharon Crump, and Sharon Kennedy. [Record Document 226]. Plaintiff does not, however, state any opposition to Defendant's motion with respect to her ADA or ADEA claims. For the reasons that follow, Defendant's Motion for Partial Summary Judgment is **GRANTED in part** and **DENIED in part**. Plaintiff Davidson's Title VII claim of discriminatory discharge, ADA

claims, and ADEA claims are **DISMISSED WITH PREJUDICE,** and her Title VII claim of hostile work environment survives.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II. LAW AND ANALYSIS

### A.     Scope of Exhaustion Requirement

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when the plaintiff timely files a charge with the EEOC, his or her claim is dismissed by the agency, and the plaintiff receives statutory notice of right to sue. Id.

Because Louisiana is a deferral state, a plaintiff's charge of discrimination must be filed within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). A charge is deemed filed with the EEOC "upon receipt of the document." 29 C.F.R. § 1601.13(a)(4)(ii)(A). In this lawsuit, Plaintiff Davidson asserts that her employment with Defendant was terminated on March 6, 2004 for pretextual reasons surrounding her use of company e-mail. [Third Supp. Compl., Doc. 48, ¶ 67(d)]. However, the EEOC did not receive her Charge of discrimination until January 13, 2005—313 days after the alleged discriminatory act. [Doc. 179, Ex. A]. Davidson's Charge of Discrimination is therefore untimely.

Nevertheless, Davidson contends she should be allowed to proceed on her Title VII claims because, under the single filing rule, those claims have been exhausted by other co-plaintiffs. Under the "single filing rule," "an individual who has not filed an administrative charge can opt-in to a suit filed by any similarly situated plaintiff under certain conditions." Anson v. Univ. of Texas Health Sci. Center at Houston, 962 F.2d 539, 541 (5th Cir. 1992). Defendant argues the single filing rule is inapplicable to plaintiffs who actually filed their own charge of discrimination.

[Doc. 250]. In response, Plaintiff Davidson points out that she filed her Charge of Discrimination after the present lawsuit was initiated, therefore she should be entitled to avail herself of the single filing rule. [Doc. 311].

The Fifth Circuit has been explicit in stating that the "single filing rule" is a "carefully limited exception." Bettcher, 262 F.3d at 493-95. The rule generally allows only an individual, "*who did not file an EEOC charge*, to piggyback on the EEOC complaint filed by another person who is similarly situated." Mooney v. Aramco Services, Co., 54 F.3d 1207, 1223 (5th Cir. 1995) (italics in original), overruled on other grounds by Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004). The policy behind the single filing rule is that "[i]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful[?]" Id., quoting Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968)). "Once the charge is filed, unless it is permissibly modified, the EEOC and the employer are entitled to rely on the allegations contained therein." Id.

In ruling on Defendant's Motion for Partial Summary Judgment on Plaintiff Harry Parker's claims, the Court determined that the single filing rule was inapplicable to Parker because he failed to timely file his Charge of Discrimination. Because Parker's Charge of Discrimination was filed *before* the present lawsuit was initiated, the EEOC and the employer were entitled to rely on the allegations therein

and, therefore, he had "necessarily excluded himself from the class of persons purportedly covered by the charge of another." See Mooney, 54 F.3d at 1223-24. In contrast, Plaintiff Davidson's Charge of Discrimination was filed *after* the present lawsuit was initiated. In this situation, the Court finds that policy cuts the other way; Davidson is on equal ground with an individual who failed to file a Charge of Discrimination at any time. To hold otherwise would belie "the policies behind the single filing rule and controvert congressional intent." Id. Accordingly, the Court will look to the other plaintiffs charges of discrimination to determine whether Plaintiff Davidson's Title VII, ADA, and ADEA claims may be piggybacked onto those charges.

### B.    Documents to be Considered by the Court

In its efforts to determine which Title VII claims Plaintiff has exhausted, Davidson urges this Court to look to: (1) a Charge Questionnaire and a Supplemental Intake Questionnaire signed by co-plaintiff Tammye Stinson on August 20, 2004, (2) a Charge of Discrimination signed by co-plaintiff Tammye Stinson on November 16, 2004, and its subsequent amendments, (3) a Charge of Discrimination signed by co-plaintiff Tammye Stinson on March 31, 2003, (4) a Charge of Discrimination signed by co-plaintiff Sharon Crump on May 15, 2003, (5) a Charge of Discrimination signed by co-plaintiff Sharon Kennedy on June 27, 2003, (6) a Charge Questionnaire signed by co-plaintiff Lisa Cloud on August 28, 2004, (7) a letter from co-plaintiff Lisa Cloud to Janice Thompson, EEOC investigator, and (8)

a Charge Questionnaire signed by co-plaintiff Renee Caldwell on September 3, 2004.  [See Exhibits to Doc. 266].

Recently, in  Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147, 1158 (2008), the Supreme Court held that a document filed with the EEOC constitutes a "charge" for the purposes of the Age Discrimination in Employment Act ("ADEA") when "it [can] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Fed. Express Corp. v. Holowecki, — U.S. —, 128 S.Ct. 1147,  1158 (2008).  Other federal district courts have extended Holowecki to claims filed pursuant to Title VII rather than the ADEA.  See Beckham v. Nat'l R.R. Passenger Corp., 590 F. Supp. 2d 82, 86  (D.D.C. 2008) (holding that "because of the similarities between the statutory scheme of the ADEA and Title VII concerning exhaustion of administrative remedies," Holowecki's holding concerning the interpretation of "charge" should be applied in the Title VII context); see also Grice v. Balt. County, Civ. No. 07-1701, 2008 WL4849322, at *4 n. 3 (D.Md. Nov. 5, 2008), and cases cited therein.

In Holowecki, the wording of the Intake Questionnaire at issue stated that the form's purpose is to facilitate "pre-charge filing counseling" and to enable the agency to determine whether it has jurisdiction over potential charges." See 128 S.Ct. at 1159.  The Supreme Court suggested that such a form, without more, could not be reasonably construed as a request for the agency to take remedial action.  See 128

S.Ct. at 1159 ("Were the Intake Questionnaire the only document before us we might agree its handwritten statements do not request action."). The Supreme Court ultimately found that the Intake Questionnaire constituted a charge, however, because it was "supplemented with a detailed six-page affidavit" asking the agency to "[p]lease force [the defendant] to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment . . . ." Id. at 1159-60.

Six of the documents Plaintiff Davidson attached to her Opposition to Defendant's Motion for Summary Judgment may be considered by this Court—the four Charges of Discrimination filed by Plaintiffs Stinson, Crump, and Kennedy, the letter by Lisa Cloud to Janice Thompson, and Plaintiff Caldwell's Charge Questionnaire.[1] However, because Plaintiff Crump's charge, Plaintiff Kennedy's charge, and Plaintiff Stinson's 2003 charge were filed in 2003, prior to the time Davidson's discriminatory discipline claim arose on March 6, 2004, these charges may only be considered as to Davidson's hostile work environment claim.

The other documents may not properly be considered by this Court with respect to either Davidson's hostile work environment claim or her discriminatory discharge claim. Because Tammye Stinson's Charge Questionnaire and

---

[1] See the Court Memorandum Rulings on Defendant's Motions for Summary Judgment as to Plaintiff Renee Caldwell and Plaintiff Lisa Cloud's claims, wherein the Court determined Caldwell's Supplemental Intake Questionnaire and Cloud's letter to the EEOC could be construed as "requests] for the agency to take remedial action." See Holowecki, 128 S.Ct. at 1158.

Supplemental Intake Questionnaire were submitted to the EEOC prior to the time she filed her formal Charge of Discrimination, any claims it states that are not included in the administrative charge, or that cannot reasonably be expected to grow out of the charge, should be considered waived.  See Novitsky v. American Consulting Engineers, L.L.C., 196 F.3d 699, 702 (7th Cir. 1999) (stating that under Title VII, "it is the charge rather than the questionnaire that matters.  Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation.").  In addition, the Court has already determined that Plaintiff Cloud's Charge Questionnaire may not be construed as a request for remedial action. [See Memorandum Ruling re: Doc. 192].

      **C.**    **Single Filing Rule**

In Bettcher v. The Brown Schools, Inc., 262 F.3d 492, 494-95 (5th Cir. 2001), the Fifth Circuit explained that there are three conditions that must be satisfied before a plaintiff may invoke the "single filing rule":

> First, the plaintiff must be similarly situated to the person who actually filed the EEOC charge.  Second, the charge must have provided some notice of the collective or class-wide nature of the charge.  Finally, a prerequisite–implicit to be sure–for piggybacking under the single filing rule is the requirement that the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff may join.

Id. (internal citations and quotations omitted). In addition, a plaintiff attempting to piggyback on another plaintiff's charge must show that the charge was filed within

the applicable 300-day time period for the plaintiff to file.  See Lumpkin v. Coca-Cola Bottling, Co. United, Inc., 216 F.R.D. 380, 385 (S.D. Miss. 2003).

Plaintiff Davidson asserts that she is a plaintiff in the captioned matter along with Plaintiffs Stinson, Crump, Kennedy, Cloud, and Caldwell, and that all of them were employed as Customer Service Clerks at Defendant's Customer Service Center in Shreveport, Louisiana.  [Doc. 226].  Because each of these plaintiffs were black females, employed in the same position during the same time period, the Court finds that Plaintiff Davidson is a "similarly situated" plaintiff.  See Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 499 (5th Cir. 1968) (finding that plaintiffs who work in different departments may be "similarly situated").

Turning to the second condition of the single filing rule, the Court recognizes that notice of collective or class-wide actions in a formal administrative charge of discrimination is a necessary requirement.  "Failure to require some notice of class claims in the charge would require employers to treat all individual charges as potential class actions." Anson v. Univ. of Texas Health Sci. Center at Houston, 962 F.2d 539, 543 (5th Cir. 1992). A formal administrative charge need not specify that the claimant purports to represent a class or other's similarly situated, but "there must be some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim." Id. "Such a claim alerts the EEOC that more is alleged than an isolated act of discrimination and

affords sufficient notice to the employer to explore conciliation with the affected group." Id.

Here, with respect to their claims of discriminatory discharge or discriminatory discipline, the other plaintiffs allege merely singular, isolated acts of discrimination based on race and sex. [See Exhibits to Doc. 226]. Although Plaintiff Stinson stated in her charge that Defendant prepared a document identifying employees by race and sex, the same list on which McClain's name was allegedly placed, she admits that her name was not on the list, that she was not discharged, and does not otherwise identify any discriminatory actions that were taken against persons on that list. Id. Consequently, Plaintiff Davidson cannot use the single filing rule to piggyback her claim of discriminatory discharge onto the other plaintiffs' charges.

Plaintiff Stinson's 2003 charge and Plaintiff Crump's charge do, however, provide notice of the collective nature of their purported hostile work environment claims by asserting that "African-Americans are systematically excluded from supervisory and managerial level positions, and that KCS "discriminates against African-Americans as a class in hiring, promotions, pay, and other terms and conditions of employment." [Doc. 226, Exs. B1, C1]. The Court finds that this language is sufficient to apprise the EEOC and the employer that the other African-American employees may be affected by the alleged grievances. Accordingly, utilizing the single filing rule, Plaintiff Davidson may piggyback her Title VII claim of

hostile work environment to the charges of discrimination filed by Plaintiff Stinson and Plaintiff Crump.

As a final matter, the Court notes that none of the other plaintiffs alleged discriminatory treatment or hostile work environment based on an alleged disability or their age. Consequently, Davidson cannot use the single filing rule to piggyback her ADA and ADEA claims to the charges of the other plaintiffs.

## III. CONCLUSION

Therefore, **IT IS ORDERED** that the foregoing motion [Record Document179] be and is hereby **GRANTED in part** and **DENIED in part**. Plaintiff Davidson's Title VII claim of discriminatory discharge, ADA claims, and ADEA claims are **DISMISSED WITH PREJUDICE,** and her Title VII claim of hostile work environment survives.

**IT IS FURTHER ORDERED THAT** Plaintiff Davidson's request for sanctions be and is hereby **DENIED**. Nothing in the argument submitted by Plaintiffs' counsel in support of the claim for sanctions leads this Court to believe that Defendant unreasonably multiplied the motion practice and proceedings in this case.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs with respect to the briefing of the instant motions.

Thus done and signed, in Shreveport, Louisiana, this 16th day of September, 2009.

_S. Maurice Hicks_
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE