UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, *et al.*, | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN RAILWAY CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Exclude the Report and Testimony of Plaintiffs' Expert, Leonard Biermann ("Biermann") (Record Document 538) filed by Defendant, Kansas City Southern Railway Co. ("KCS"). The Plaintiffs oppose the motion. See Record Document 553. In its motion, KCS seeks to exclude the testimony of one of the Defendants', (because there are so many Defendants in this case, the Court shall simply refer to the "Defendants") experts, Leonard Biermann ("Biermann"), on the grounds that "Mr. Biermann's opinions exceed the scope of his purported role," "much of Mr. Biermann's report and expected testimony is irrelevant to the issues in the cases brought by Frank, Mitchell and Stinson," "Mr. Biermann did not review the relevant witnesses' testimonies or requisite documents needed to give an admissible opinion on the trial of Group Two Plaintiffs," "Mr. Biermann's opinions are based, in part, on his improper judgment of the credibility and veracity of witnesses," "Mr. Biermann's opinions improperly invade the province of the jury," and "Mr. Biermann's opinions are inadmissible as legal conclusions." [Record Document 538-1at 2].

The admissibility of Biermann's expert testimony is governed by Federal Rule of Evidence 702[1] and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993). The function of this Court under Rule 702 and Daubert, and its progeny, is to serve as a gatekeeper and to ensure that any and all scientific testimony is not only relevant, but reliable. See Daubert, 509 U.S. 579, 113 S.Ct. 2786. Again, this gatekeeping function applies to not only scientific expert testimony, but rather all expert testimony. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (U.S. 1999). Under Rule 702, the Court is concerned with three main requirements: (1) qualifications; (2) reliability; and (3) relevance.

As to qualifications, the Court has reviewed the parties' briefs, Biermann's report dated June 28, 2009, and Biermann's curriculum vitae which prefaces his report and finds that Biermann is qualified to testify in the field of anti-discrimination policies, affirmative action policies and programs, promotional programs, and discipline policies. See Verzwyvelt v. St. Paul Fire & Marine Ins. Co., 175 F.Supp.2d 881, 887 (W.D. La. 2001) & Wilson v. Woods, 163 F.3d. 935, 937 (5th Cir. 1999). The record reflects that Biermann has had "extensive experience concerning equal employment opportunity and affirmative

---

[1]F.R.E. 702 states:

If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

action" as a government employee and more recently as a private consultant with the National Employment Law Institute. See Record Document 538-2 at 26-28. Biermann spent thirty years working for the Office of Federal Contract Compliance and serving as the Acting Director of the agency under President Bill Clinton. See Record Document 538-2 at 27. Upon retirement from government service, he began working with the National Employment Law Institute providing consulting to private companies on compliance with equal employment opportunity and the Office of Federal Contract Compliance Programs requirements. Id. at 28. The Court notes Biermann's experience as an expert witness on both sides of litigation. Id. at 4-5. According to Biermann's report, he was asked to render an expert opinion in the following areas: "(1) an opinion of the quality of Kansas City Southern Railway's ('KCS') anti-discrimination policies (written policies, training, etc.); (2) an opinion on the quality of KCS's EEO policies and Affirmative Action Plans; (3) an opinion with respect to KCS's promotional practices; and (4) an opinion with respect to KCS's disciplinary policies and their implementation." Id. at 2. This Court finds that Biermann, given his long career with the government and in private practice dealing with these very issues, is qualified to opine on *these* matters.

However, it appears that the Plaintiffs plan on having Biermann testify as "to economic impact upon these plaintiffs." [Record Document 538-2 at 51]. KCS argues "that Mr. Biermann is not an economist (Biermann's CV, attached as Ex. 4) and has never broached the subject in his report (Ex. 1)." [Record Document 538-1 at 6]. Plaintiffs did not respond to this particular ground in their opposition to the present motion. See Record Document 553. Regardless, this Court finds that Biermann is not qualified to opine on

economic impact and his expert report made no mention of economic impact. Therefore, this Court excludes Biermann's suggested testimony on economic impact.

In determining reliability, this Court is charged with examining the process or technique used by Biermann in formulating his opinion and determining whether that process or technique is reliable.[2] KCS contends that Biermann's report is deficient because Biermann "failed to review the complaints applicable to these Plaintiffs" and "failed to interview any of the Plaintiffs in Trial Group Two." [Record Document 538-1 at 2]. Furthermore, KCS attempts to undermine Biermann's credibility by informing the Court that Biermann's only reviewed 400 documents out of 195,000 produced. [Record Document 538-1 at 9 n.5]. This Court is not swayed because Biermann's expertise is in various anti-discrimination policies. It seems entirely plausible that Biermann's review would be limited. KCS has not presented any evidence that Biermann has failed to review the requisite policies of KCS. In regards to their other concerns, Biermann was hired to give a macro

---

[2]The Court notes that Biermann's report reflects that he reviewed:

> the Amended Complaint for Damages and Injunctive Relief originally filed with the District Court of the Eastern District of Louisiana on October 27, 2005, Kansas City Southern Railway Company's answer to the amended complaint filed on December 13, 2005, and all fo the documents produced by KCS on May 23, 2006 as identified with Bates numbers from D000001 through D000395. I have also reviewed the deposition transcript of Richard Venditti, taken pursuant to the Abner trial, and those of Kathy Alexander, Eric Bruce Freestone, John Morse, Emerson Bouchard, Mark Reed, and Ray Abmas pursuant to this case.

See Record Document 538-2 at 4.

assessment of KCS's anti-discrimination policies and procedures. The Court does not find the reliability of Biermann's report has been called sufficiently into question.

As to relevance, this Court finds that Biermann's testimony is sufficiently tied to the facts of this case (alleged discrimination of KCS employees) and that it will aid the jury in understanding and resolving the factual disputes in this case. See Daubert, 509 U.S. at 591, 113 S.Ct. at 2796 (1993).

The Court finds that KCS has failed to demonstrate that the "factual basis, data, principles, methods, or their application" underlying Biermann's proposed testimony has been "called sufficiently into question" under Rule 702. Kumho Tire Co., Ltd., 526 U.S. at 149, 119 S.Ct. at 1175. Instead, the Court finds that Biermann's testimony, as a whole, has a sufficiently reliable basis in the knowledge and experience of the relevant discipline. See id. Biermann's expert testimony will be subjected to vigorous cross-examination and, presumably, the presentation of contrary evidence. See Daubert, 509 U.S. at 596, 113 S.Ct. at 2798 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment . . . ."). Thus, the Court concludes that Biermann's qualifications and the reliability and relevance of his proposed expert testimony stand, at least for now, on the showing made in the record.

However, the Court would like to note that KCS has expressed concern in its Motion to Exclude that "Mr. Biermann's opinions are based, in part, on his improper judgment of the credibility and veracity of witnesses," "Mr. Biermann's opinions improperly invade the province of the jury," and "Mr. Biermann's opinions are inadmissible as legal conclusions." [Record Document 538-1at 2]. The Court advises the parties that Biermann's testimony will be a "go slow" issue for the Court to ensure that Biermann does not go beyond his proffered, limited expert testimony.

Accordingly,

**IT IS ORDERED** that the Motion to Exclude the Report and Testimony of Plaintiffs' Expert, Leonard Biermann ("Biermann") (Record Document 538) filed by Defendant, Kansas City Southern Railway Co. ("KCS"). be and is hereby **DENIED IN PART** and **GRANTED** insofar as it precludes Biermann from offering testimony on economic impact upon the Plaintiffs.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 18th day of March, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE