UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLARENCE CARGO, *et al.*,    CIVIL ACTION NO.  05-2010

VERSUS    JUDGE S. MAURICE HICKS, JR.

KANSAS CITY SOUTHERN    MAGISTRATE JUDGE HORNSBY
RAILWAY COMPANY

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Strike Certain Exhibits Submitted by Plaintiff Jesse Frank in Opposition to Defendant's Motion for Summary Judgment (Record Document 547), filed on behalf of Defendant, Kansas City Southern Railway Co. ("KCS"). According to KCS, "certain summary judgment exhibits submitted by Frank (Exhibits 1, 2, 3, 9, 19, 26, 27, 28, 29, 30, 31) must be stricken because they are hearsay, are immaterial, are improper in the form submitted, and are inadmissible." [Record Document 547 at 1]. The Plaintiff opposes the motion. [Record Document 566].

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). "Motions to strike are disfavored and infrequently granted." U.S. v. Cushman & Wakefield, Inc., 275 F.Supp.2d 763, 767 (N.D.Tex.2002) (citing Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir.1962)). As the Fifth Circuit has noted:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. . .

> . It is a drastic remedy to be resorted to only when required for the purpose of justice. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

Augustus, 306 F.2d at 868 (citing Brown v. Williamson Tobacco Corp. v. U.S., 201 F.2d 819, 822 (6th Cir.1953).

"A disputed question of fact cannot be decided on motion to strike," and, " . . . when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." Augustus, 306 F.2d at 868. When questions of fact or law are present, the court should " . . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id.

First, Plaintiff has raised no arguments in regard to striking exhibit 31. Accordingly, the motion to strike exhibit 31 is **GRANTED**.

Regarding exhibits 1, 2, 3, 9, 19, 26, 27, 28 and 29, motions to strike are generally disfavored. At this stage of the litigation, the Court cannot say that the exhibits are redundant, immaterial, impertinent or scandalous. Accordingly, the motion to strike exhibits 1, 2, 3, 9, 19, 26, 28 and 29 is **DENIED**.

However, the motion to strike exhibit 30 raises a particularly thorny issue for the Court. Fed. R. Civ. P. 56(c)(1)(B) states:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> . . .
>
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an

> adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(B)(2011). KCS argues "Exhibit 30 must be stricken because it contains privileged information that was inadvertently produced for which there has been no waiver." [Record Document 547-1 at 8].

"This circuit allows courts to determine on a case-by-case basis whether an inadvertent disclosure results in the waiver of privilege." Allgood v. R.J. Reynolds Tobacco Co., 80 F.3d 168, 172 (5th Cir. 1996). In Alldread v. City of Grenada, the Fifth Circuit adopted the following test to determine whether attorney-client privilege had been waived by an inadvertent disclosure: "(1) the reasonableness of precautions taken to prevent disclosure; (2) the amount of time taken to remedy the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." 988 F.2d 1425, 1433 (5th Cir. 1993).

In defense of retaining the attorney-client privilege, KCS contends

> it has taken extraordinary measures to prevent the dissemination of privileged documents. However, to date, it has produced more than 200,000 documents as part of discovery in this litigation. KCSR is aware of only one other instance of inadvertent disclosure. In fact, other litigation hold notices are included in KCSR's privilege log and have not been produced to Plaintiffs. KCSR became aware of the inadvertent disclosure after Frank used the privilege documents in support of his opposition to KCSR's motion for summary judgment. On March 2, 2011, counsel for KCSR sent a letter to Plaintiffs' counsel notifying them that he was aware that these privileged documents had been produced, asking them to return the documents and destroy any copies that they had of the documents–electronic or otherwise.

[Record Document 547-1 at 8-9]. Plaintiff responds:

> [t]he emails in Exh. 30 are impeachment evidence regarding Tim Carter's knowledge of Mr. Frank's protected activity. Any

> "attorney-client" advice can be redacted and the documents [r]emain an exhibit for purposes of establishing Mr. Carter's notice that Mr. Frank had brought discrimination claims against KCSR. Furthermore, where spoliation is pled in the Complaint, such "litigation hold" notices sent over one-year after suit was filed, has arguable placed "at issue" the communication produced to Plaintiff in discovery.

[Record Document 566 at 8].

Upon review and after fully considering the Fifth Circuit's guidance in <u>Allread</u>, this Court finds that KCS was reasonably diligent in attempting to prevent inadvertent disclosures. The record (Record Document 547-2 at 2) shows on March 2, 2011 that KCS contacted Plaintiff in an attempt to get back Exhibit 30. Given the breadth of discovery (over 200,000 documents produced thus far), the length of time this case has been pending (since 2005), and noting that this is only the second instance of inadvertent disclosure, the Court finds KCS exercised reasonable precautions to prevent the disclosure of privileged documents. Even though Plaintiff argues that the log is impeachment evidence, the Court finds that KCS has not waived attorney-client privilege.

The motion to strike exhibit 30 is **GRANTED**.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Strike [Record Document 547] is **DENIED IN PART AND GRANTED IN PART** as outlined above.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 1st day of April, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE