UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLARENCE CARGO, *et al.*,                      CIVIL ACTION NO. 05-2010

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

KANSAS CITY SOUTHERN                            MAGISTRATE JUDGE HORNSBY
RAILWAY COMPANY

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Strike Portions of the Declaration of Plaintiff Randy Corsentino (Record Document 542), filed on behalf of Defendant, Kansas City Southern Railway Co. ("KCS"). According to KCS, "portions of [Randy] Corsentino's declaration must be stricken because they are not based upon personal knowledge, contradict his deposition testimony, are based upon hearsay, are irrelevant, are self-serving, contradict the uncontroverted evidence, and even contradict his own declaration." [Record Document 542 at 1]. The Plaintiff opposes the motion. [Record Document 567].

However, before this Court can address the merits of the present motion to strike, the Court is confronted with an initial issue. In "Plaintiff's Response to Defendant's Motion to Strike Portions of the Declaration of Plaintiff Randy Corsentino," the Plaintiff presents an amended sworn statement and the supporting documents that Corsentino relied upon in making his declaration. See Record Documents 567-1, 567-2 and 567-3. The Defendant is right that this new declaration is untimely. [Record Document 570]. However, the Court grants leave to Plaintiff to supplement his opposition to summary judgment.

The Court will now consider the original declaration (Record Document 513-2) as well as the supplemental declaration (Record Document 567-1) in the present motion to strike.

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). "Motions to strike are disfavored and infrequently granted." U.S. v. Cushman & Wakefield, Inc., 275 F.Supp.2d 763, 767 (N.D.Tex.2002) (citing Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir.1962)). As the Fifth Circuit has noted:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts . . . . It is a drastic remedy to be resorted to only when required for the purpose of justice. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

Augustus, 306 F.2d at 868 (citing Brown v. Williamson Tobacco Corp. v. U.S., 201 F.2d 819, 822 (6th Cir.1953).

"A disputed question of fact cannot be decided on motion to strike," and, " . . . when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." Augustus, 306 F.2d at 868. When questions of fact or law are present, the court should " . . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id.

Since motions to strike are disfavored and the technical shortcomings of Corsentino's declaration have been cured, the Court denies the motion to strike the declaration.

Accordingly,

**IT IS ORDERED THAT** the foregoing motion [Record Document 542] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 1st day of April, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE