# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, ET AL., | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN RAILWAY COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment on Plaintiff Eric Allums' various employment discrimination claims (Record Document 674) filed by Defendant Kansas City Southern Railway Company ("KCS"). The motion conveys reasons for the Defendant seeking dismissal of all claims raised by Allums. Allums, in opposition to Defendants Motion for Summary Judgment, responds stating "Plaintiff's claim boils down to a hostile work environment claim." (Record Document 679-1 at 1). Given this response, the Court will treat all claims, save the hostile work environment claim, as abandoned. For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED.** Accordingly, all of Allums' claims of are **DISMISSED**.

## FACTUAL BACKGROUND[1]

---

[1] In an attempt to determine the specific factual allegations raised by Allums, this Court has struggled to decipher exactly what Allums claims to have occurred during his employment at KCS. In his response to KCS' summary judgment, Allums submitted to this Court a seven page brief. (Record Document 679-1) Of these seven pages, Allums provides this Court with one half of a page of factual allegations. (Record Document 679-1 at 4). In this half of a page, Allums has merely referenced the elements of a hostile work environment claim and pointed the Court to the two parties' statements of material fact. See id. In reviewing the Plaintiff's Statement of Material Facts, Allums has only responded to the claims made by KCS in their statement of material facts. (Record Document 679-2). Therefore, when Allums directs this Court to its statement of material facts, this is no more

Eric Allums is an African American male. (Record Document 647-2 at 1). Allums began employment at KCS in May of 1994. (Record Document 647-2 at 2). In 1998, Allums was promoted to the position of engineer. (Record Document 647-2 at 3). In 2005, Allums retired due to an off-duty car accident that rendered him disabled. (Record Document 674-1 at 8).

KCS has provided this Court seven separate instances that Allums feels constitutes a hostile work environment. Those seven separate instances are not in dispute and are as follows:

1. On one occasion, an employee wore a Confederate Flag shirt to work.
2. A co-worker of Allums once said "black boy" over the radio.
3. In 2000, Allums was threatened with termination because he was turning out like two employees, one of whom was white. This was because Allums supervisor felt Allums "was missing too much time away from work."
4. In 2004, A.J. Sonnier ("Sonnier") once stated to a group of African American and Caucasian employees, "I have a problem with y'all."
5. Sonnier "would fraternize more with the Caucasian employees."
6. In 1995, Sonnier "chewed [Allums] out" for poor work performance.
7. Caucasian employees made "juvenile" comments to another African American employee over the radio. The language used was "Buckwheat or something to that effect."

(Record Document 647-2 at 33-35).

Following his resignation, Allums joined the above-captioned matter alleging various claims against KCS. (Record Document 1). Subsequently, after preliminary motion practice, the Plaintiffs were broken into 29 trial groups. (Record Document 492). The pairing was based on the Plaintiffs' respective claims. Allums was placed in group 4 with Cory Walker

than an indirect citation to KCS' statement of material facts. This being the case, the Court is left with only KCS' side of the material facts and simple denials made, by Allums. Still, the Court has made every attempt possible to determine what Allums' view of the facts raised by KCS are, even though Allums has failed to directly provide them to the Court.

as they both worked as engineers on the Train Crew in Shreveport. (Record Document 492).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

---

[2]The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).

**LAW AND ANALYSIS**

**Hostile Work Environment**

A hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." <u>Stewart v. Mississippi Transport Commission</u>, 586 F.3d 321 (5th Cir. 2009) (quoting <u>National R.R. Passenger Corp. V. Morgan</u>, 536 U.S. 101 (2002)). To establish his claim for a hostile work environment, Plaintiff must show that:

> 1) he belongs to a protected class; 2) he was subjected to unwelcome harassment; 3) the harassment was based on race; 4) the harassment affected a term, condition or privilege of employment; and 5) the employer knew or should have known of the harassment and failed to take remedial action.

<u>Septimus v. Univ. of Houston</u>, 399 F.3d 601, 611 (5th Cir. 2005). The alleged discrimination must have "created an environment that a reasonable person would find hostile or abusive." <u>Id.</u> Courts in this Circuit determine hostile environment considering the totality of the circumstances. Factors to consider include: "the frequency of the conduct, its severity, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance." <u>Id.</u>; see <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

Although "[d]iscriminatory verbal intimidation, ridicule, and insults may be sufficiently severe or pervasive" to support evidence of a Title VII violation, <u>DeAngelis v. El Paso Mun. Police Officers Ass'n</u>, 51 F.3d 591, 593 (5th Cir.1995), "simple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory charges"

that can survive summary judgment. Hockman v. Westward Communications, LLC, 407 F.3d 317, 328 (5th Cir.2004). A plaintiff's own subjective beliefs, however genuine, cannot form the basis of judicial relief. Nichols v. Lewis Grocer, 138 F.3d 563 (5th Cir.1998); Little v. Republic Refining Co., 924 F.2d 93, 95 (5th Cir.1991).

The jurisprudence of this Circuit establishes a very high burden for a plaintiff advancing a claim for a hostile work environment on racial grounds. From this Court's review of the total record, Allums has failed to meet that burden.

To begin, KCS raises various issues in its reply to Allums' opposition regarding his failure to properly cite facts in the record and controvert the vast majority of KCS' statement of material facts. (Record Document 680). While KCS' contentions appear to have merit, the Court is not required to reach a conclusion on the accuracy of these allegations as Allums' cannot survive summary judgment on the merits.

In order to survive summary judgment, Allums must be able to show the aforementioned seven instances listed by KCS allow a reasonable juror to conclude that KCS is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Stewart v. Mississippi Transport Commission, 586 F.3d 321 (5th Cir. 2009).

An element that aids the Court's analysis of the aforementioned seven separate instances KCS provided is that any perceived harassment must be based on race. Therefore, any of those seven instances that are not based on race cannot be used to determine if KCS harbored a hostile work environment. Of the seven instances, three can be eliminated from discussion as there is no racial animus to them. The first occurred in

2000, when Allums was threatened with termination. It is undisputed that the motivation behind these threats was that Allums' supervisor felt Allums was "missing too much time away from work." (Record Document 647-2 at 34; 679-2 at 8). Since Allums does not dispute that this threat was made because of the amount of time Allums spent at work, it is clear that this alleged instance of harassment was not based on race. The second instance that can be ruled out of consideration for this claim is Sonnier saying "I have a problem with y'all" to a group of African American and Caucasian employees. Allums does not dispute that Sonnier made this statement to both African American and Caucasian employees. (Record Document 679-2 at 8). Therefore, Allums has not demonstrated any evidence to allow a reasonable juror to find this alleged harassment was based on race. The third instance that can be ruled out occurred in 1995 when Sonnier "chewed out" Allums for his perceived poor work performance. Allums, again, does not dispute that the animus for this "chewing out" was Allums poor work performance. (Record Document 679-2 at 8). Therefore this alleged harassment was not based on race at all.

This leaves the Court with four alleged instances of racial harassment: (1) a co-worker wearing a confederate flag shirt to work; (2) a co-worker saying "black boy" over the KCS radio; (3) Sonnier's fraternization with Caucasian employees; and (4) a co-worker's use of a "juvenile" term such as "Buckwheat." Even assuming, for the purposes of this Motion, that the four separate instances have a racial animus, Allums still has not shown that KCS was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Stewart v. Mississippi Transport Commission, 586 F.3d 321 (5th Cir. 2009).

...

...

bar

The Fifth Circuit dealt with a hostile work environment claim in Fortenberry v. Texas. 75 Fed. Appx. 924, 928 (5th Cir. 2003). In this case an African American employee had to endure two direct racial slurs. She also cited an instance where a co-worker referred to an African American client as a "dishwater blonde." See Id at 928. Finally the plaintiff stated she was the victim of unwelcome and intimidating stares from a co-worker's husband. In finding for the defendant, the court held that "it is not clear that either one of these two [latter] incidences were racially motivated." See Id. In further addressing claims with a racial animus, the court held:

> Although troubling, these incidences did not affect a term, condition or privilege of employment; and because these were isolated incidences over a long period of time they were not sufficiently severe or pervasive to constitute an abusive or hostile work environment Fortenberry can not establish a prima facie case of a hostile work environment.

See Id.

Similar to Fortenberry, these four claims of alleged harassment are *at least* spread from 2000-2004. If two direct racial slurs spread over two years were not sufficient to carry a hostile work environment claim in Fortenberry, four instances, none of which rising to the offense level of a direct racial slur, which were *at least* spread over four years, are not severe or pervasive enough to prove a hostile work environment claim.

Finally, in order for this hostile work environment claim to have merit, Allums must also allege that racial discrimination altered a condition of his employment. It has been held that "mere utterance of an... epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment." Shepard v. Comptroller of Public Accounts of State of Texas, 168 F.3d 871 (5th Cir. 1999) (quoting Harris v. Forklift

Systems, Inc., 510 U.S. 17.21 (1993). Therefore, the mere utterance of "black boy" and "Buckwheat" alone are not sufficient to show the alteration of a term or condition of employment. KCS has not provided Allums an argument as to how these instances altered a term of Allums' employment. In fact, KCS argues that "Allums has presented no evidence that the alleged hostile work environment affected a term, condition or privilege of his employment." (Record Document 674-1 at 26). As pointed out *supra*, Allums has not provided this Court with any new facts on any of these claims. KCS is correct, Allums has not presented this Court with a single example of how this alleged hostile work environment has altered his employment with KCS and it is not this Court's duty to search them out.[3]

Due to the lack of evidence by Allums documenting the severity or pervasiveness of racial discrimination at KCS and the inability of Allums to prove an impact on any terms or conditions of his employment at KCS, KCS is entitled to a judgment as a matter of law.

---

[3] "Judges are not like pigs, hunting for truffles buried in briefs." U.S. v. Dunkel, 927 F.2d 955,956 (7th Cir. 1991).

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff Eric Allums abandoned all but his hostile work environment claim. Additionally, Allums has failed to provide sufficient evidence to raise a dispute of material fact that Allums indeed endured a hostile work environment.

Accordingly, **IT IS ORDERED THAT** the foregoing motion (Record Document 674) be and is hereby **GRANTED.** All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

Thus done and signed, in Shreveport, Louisiana, this 26th day of October, 2011.

                                            S. MAURICE HICKS, JR.
                                      UNITED STATES DISTRICT JUDGE