UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, ET AL., | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN RAILWAY COMPANY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment on Plaintiff Derek Lamette's ("Lamette") various discrimination claims (Record Document 686) filed by Defendant Kansas City Southern Railway Company ("KCS"). The motion conveys reasons for the Defendant seeking dismissal of all claims raised by Lamette. (Record Document 686). Lamette, in opposition to Defendant's Motion for Summary Judgment, expressly concedes all of his claims except for his discriminatory discharge and failure to train claims. (Record Document 692). However, Lamette fails to address the failure to train claim and, therefore, that claim is waived. See Celotex Corp. v. Catrett, 477 U.S. 317, 333 n.3 (1986). KCS also moves this Court to strike the only exhibit Lamette offered to the Court in opposition to KCS's summary judgment. (Record Document 695). For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED** and Defendant's Motion to Strike is **DENIED AS MOOT**. Accordingly, all of Lamette's claims of are **DISMISSED**.

**FACTUAL BACKGROUND**

Lamette is an African American male. (Record Document 686-2 at 1). He was employed by KCS from May of 2004 until his employment was terminated in October of 2004. (Record Document 692 at 4). In August of 2004, Lamette was promoted to the

position of probationary conductor. See id. Between September and October of 2004, Lamette was disciplined for a derailment and running through a switch. See id. As a result of Lamette accepting responsibility for the derailment, he received a five day suspension and it was recommended that Lamette undergo a five day remedial training in early October of 2004. (Record Document 686-2 at 11, 14). On September 18, 2004, the same day Lamette accepted responsibility for the derailment, Lamette improperly ran through a switch, damaging the switch. (Record Document 686-2 at 11, 13). It was not until October 6, 2004 that KCS investigated this incident. Lamette, again, accepted responsibility for his actions. See id. After the completion of his assigned remedial training, but still during Lamette's probationary period of employment, Lamette was let go because KCS viewed him as an "unsafe employee." (Record Document 686-2 at 15).

Following his dismissal, Lamette filed the above-captioned matter alleging various claims against KCS. (Record Document 1). Subsequently, after preliminary motion practice, the Plaintiffs were broken into 29 trial groups. (Record Document 492). The pairing was based on the Plaintiffs' respective claims. Lamette was placed in group five with Abon Ball as they both worked as trainees on the Train Crew in Shreveport. (Record Document 492).

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Quality Infusion Care, Inc. v. Health Care Serv.

---

[1] The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis.

Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

## LAW AND ANALYSIS

### i. Deficient Opposition to Summary Judgment

Lamette's opposition to summary judgment is deficient. (Record Document 693). It is signed by an attorney admitted *pro hac vice*, but, as required by Local Rule 83.2.6, there is no signature or endorsement of local counsel. See id. Lamette's counsel was put on notice of this deficiency on December 12, 2011. To date, Lamette's counsel have not cured this deficiency. The Court has the option to strike this opposition *sua sponte* and analyze this motion for summary judgment as unopposed. In the interests of justice the Court will, nonetheless, consider Lamette's deficient opposition.

---

F.R.C.P. 56(a) and advisory committee's note (emphasis added).

**ii. Motion to Strike**

Lamette, in support of his opposition to KCS's Motion for Summary Judgment, attached a letter from Robert Barnes (Record Document 692-2), an engineer in the Vicksburg subdivision of KCS, to Michael Coleman, a terminal director at KCS. (Record Document 699 at 2). KCS has moved to strike this exhibit as unauthenticated and inadmissible hearsay within hearsay. (Record Document 695). The letter was a part of an Equal Opportunity Employment Commission's ("EEOC") file and was submitted to the EEOC by Lamette. (Record Document 695-1 at 2).

The letter itself is not in the form of an affidavit and it is unsworn. There is Fifth Circuit precedent that a letter found in an EEOC file, without more, is unauthenticated and inadmissible. Cruz v. Aramark Services, Inc., 213 Fed. Appx 329 (5th Cir. 2007). However, in an abundance of caution, the Court will analyze Lamette's opposition to summary judgment with the exhibit as it does not alter the outcome of the Court's analysis. Therefore, the Motion to Dismiss is moot.

**ii. Discriminatory Discharge**

Employers are prohibited from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A claim for discrimination may be proven with direct or circumstantial evidence. Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d 589,593 (5th Cir. 2007). If a Plaintiff lacks direct evidence to prove such a claim, courts are to implement a burden shifting analysis as established under McDonnell Douglas Corp. V. Green, 411 U.S. 792, 802, 93 S.Ct. 1817

(1973). Nasti, 492 F.3d at 593. Lamette has not provided the Court with any direct evidence of discrimination and therefore analysis under the McDonnell Douglas framework is appropriate. The Fifth Circuit has explained this framework as follows:

> Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of...discrimination. The employer then bears the burden of producing a legitimate, non-discriminatory reason for its actions. The employer is not required to convince the Court that it was actually motivated by this reason; it need only raise a genuine issue of fact as to whether or not it discriminated against the plaintiff. Once the employer offers a legitimate, nondiscriminatory reason for the plaintiff's treatment, the presumptions of the McDonnell Douglas framework dissipate, and the plaintiff bears the ultimate burden of persuading the trier of fact that the defendant engaged in intentional discrimination. To satisfy this burden, a plaintiff must produce substantial evidence that the employer's proffered reasons for its actions were a pretext for discrimination. A plaintiff can establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'

Nasti, 492 F.3d at 593. (Internal citations omitted)

In order to establish a *prima facie* case of discriminatory discharge, Lamette must show that (1) he belongs to a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably. See id.

It is apparent from both the facts of this case and the parties' briefings that this claim of discriminatory discharge rests on the fourth element of the *prima face* case. The Fifth Circuit has been clear that "for employees to be similarly situated[,] those employees' circumstances, including their misconduct, must have been 'nearly identical.' " Perez v. Texas Dept. of Criminal Justice, 395 F.3d 206 (5th Cir. 2004).

In Lee v. Kansas City Southern Ry Co., 574 F.3d 253 (5th Cir. 2009), the Fifth Circuit found the district court erred in finding that the plaintiff did not meet his *prima facie* burden of identifying a similarly situated employee to the plaintiff. The plaintiff in this case was fired for "(1) disregarding a block signal that indicated he had to stop the train and (2) failing to contact his dispatcher for authorization to proceed." See id. at 261. The plaintiff's comparator had committed the following violations in the same period: "(1) failed to inspect a train in compliance with a trackside warning signal, for which he received a 30-day suspension; (2) improperly handled a train that separated as a result, for which he received a 5-day suspension; and (3) occupied a main track without authority, for which he was fired, only to be reinstated by Alexander." See id. The court held, "We are satisfied that employment histories marked by a comparable number of serious moving violations by train engineers who perform the same job are sufficiently similar to require comparison of the two when, as here, the final violations-failing to obey a stop signal-are indistinguishable." See id. at 261-262.

The similarly situated employee Lamette has offered to the Court is Shane McFadden ("McFadden"). (Record Document 692 at 7). The only evidence Lamette attempts to offer to support the contention that McFadden and Lamette are similarly situated is the letter discussed *supra*. The letter was drafted by Robert Barnes, an engineer at KCS, complaining about the conduct of McFadden. While Lamette refers to McFadden as a probationary conductor in his briefings to the Court, there is no competent evidence that this is the case. In fact, the evidence only suggests he is a conductor, as that is what he is referred to by Barnes. (Record Document 692-2 at 1). Further, it is unclear who McFadden's supervisor is, what his work history is, what his disciplinary history is, or even

how long McFadden has been employed by KCS. Moreover, all Lamette has supplied to the Court is that McFadden was accused, by a co-worker, of conduct that could lead to discipline. He has not shown the Court any evidence that McFadden was not, in fact, disciplined for his conduct.

It is also clear that Lamette's offenses were, at a minimum, derailment and running through a switch. McFadden's offenses were: not following a timetable and falling asleep while conducting a train. (Record Document 692-2). Therefore, it is apparent that Lamette's and McFadden's offenses are far from "nearly identical." Without showing similarly situated employees that were treated more favorably, Lamette has failed to make a *prima facie* showing and therefore summary judgment is appropriate.

Even if Lamette were able to meet his *prima facie* case, KCS has provided a legitimate and non-discriminatory reason for his discharge. Lamette admits that KCS' reason for terminating his employment was that they considered him an "unsafe employee." (Record Document 686-2 at 15). If true, this is a legitimate and non-discriminatory reason to discharge and employee. Under the McDonnell Douglas framework, the burden would then shift to Lamette to show the given reason was pretextual. To do this, Lamette must show KCS' proffered reason is "unworthy of credence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 144, 120 S.Ct. 2097 (2000). Lamette was admittedly responsible for a derailment and running through a switch in only five months on the job. The only showing of a pretext that Lamette attempts to make is in the form of the broad opinions of an expert witness who claims that there are flaws in KCS' discipline system. This does not address, at all, the fact that Lamette accepted responsibility for both of these occurrences.

Based on the showing Lamette has made, Lamette has failed to show that KCS' reason for termination was pretextual.

Lamette cannot prove the *prima facie* elements of his claim of discriminatory discharge. He has failed to show a similarly situated employee was treated more favorably than he was; however, even had he been able to meet that burden, KCS offered and proved a legitimate, non-discriminatory reason for Lamette's discharge. Lamette failed to prove that this reason was pretextual. For these reasons, summary judgment in favor of KCS is appropriate.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff Derek Lamette has abandoned all claims, save his discriminatory discharge claim. Additionally, Lamette has failed make a *prima facie* showing of discriminatory discharge. Even if he had, Lamette is unable to show that KCS' legitimate and nondiscriminatory reason for discharge is pretextual

Accordingly,

**IT IS ORDERED THAT** Defendant's Motion to Strike (Record Document 695) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED THAT** the foregoing motion (Record Document 686) be and is hereby **GRANTED.** All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

Thus done and signed, in Shreveport, Louisiana, this 4th day of January, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE