UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, ET AL., | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN RAILWAY COMPANY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment on Plaintiff Kimberly Anderson's various employment discrimination claims (Record Document 797) filed by Defendant Kansas City Southern Railway Company ("KCS"). The motion conveys reasons for the Defendant seeking dismissal of all claims raised by Anderson. Anderson, in opposition to Defendants Motion for Summary Judgment, replies "Plaintiff has established a prima facie case of discrimination and retaliation under the McDonnell Douglas framework." Record Document 807 at 6. Plaintiff concedes her hostile work environment claim. Id. at 9. For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED.** Accordingly, all of Anderson's claims of are **DISMISSED**.

**FACTUAL BACKGROUND**

Kimberly Anderson is an African American female. Record Document 797-1 at 1. Anderson began to work at KCS as an Extra Board Clerk in Customer Service on August 31, 1998. In 2002, Anderson became a Customer Service Center ("CSC") billing clerk. In both of these roles, Anderson was required to perform daily computer use, have knowledge of the system, and follow the written rules and regulations governing all employees at KCS. The regulations included an Information Resources Acceptable Use Policy, which was

undisputedly in place at the time of Anderson's termination. Record Document 811 at 2.

On March 1, 1999, KCS's Assistant Vice President of Human Resources, Mr. Freestone, sent a letter to Anderson and her coworkers to remind them of the company's expectation that the computer systems be used appropriately. Record Document 797-1 at 2.[1] A subsequent letter was sent by KCS' CEO, Mr. Haverty, on September 10, 2001 further reminding employees of appropriate use matters, particularly in regard to sexual harassment. Id. Further, Janice McNeal, a Manager of the CSC, sent an email to all employees of the CSC noting the Information Resources Acceptance Use Policy and notifying employees that violations of the rules could lead to termination. Id.

Beginning in the fall of 2002, KCS audited over 300 email accounts. Record Document 797-2 at ¶ 22. The investigation lead to discipline of many employees. Id at ¶ 20. The audit of Anderson's account determined that she had sent, collected and stored a large number of inappropriate emails. As a member of a union, and pursuant to the Railway Labor Act, an Investigatory Hearing was held to determine Anderson's responsibility, if any, for the inappropriate emails. Id at ¶ 23.

The hearing with management and the union was held on January 7, 2003. KCS presented evidence, including the company rules and policies. Testimony was also heard by Keith Martin, Special Agent for KCS. Martin testified about the investigation, provided examples of the inappropriate emails sent by Anderson, including an email which refers to

---

[1]The Plaintiff Denied this statement in her Response to Defendant's Statement of Material Facts in Support of Its Motion for Summary Judgment on the Claims of Group 13 Plaintiff, Kimberly Anderson. Record Document 807-1. However, the Plaintiff's reasoning for the denial refers to the pop-up notice which was not referenced in the Defendant's statement.

a game to play to "see how bad you are!!!" See Ex. 13, Anderson Email, D052063, D052069-D052073. The game includes questions referencing sexual activities such as "oral sex," "screwed someone," "screwing something," and "had sexual fantasies." Ex. 18, Declaration of Keith Martin. Martin also detailed Anderson's violations of KCS' rules and policies committed by Anderson. The hearing provided Anderson with an opportunity to testify, present evidence and cross-examine company witnesses.

On January 15, 2003, Anderson was terminated from her employment with KCS. Ex. 9, Termination Letter, D000519. Anderson, and her union representative chose to appeal her termination, which was upheld by an independent arbitrator.

Anderson filed this lawsuit against KCS, alleging retaliation, discrimination, and a hostile work environment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

---

[2] The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).

will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

## LAW AND ANALYSIS

### I. Discrimination Claim

Employers are prohibited from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A claim for discrimination may be proven with direct or circumstantial evidence. Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d 589,593 (5th Cir. 2007). If a Plaintiff lacks direct evidence to prove such a claim, courts are to implement a burden shifting analysis as established under McDonnell Douglas Corp. V. Green, 411 U.S. 792, 802, 93 S.Ct. 1817 (1973); Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d at 593. Because Anderson has not provided this Court with any direct evidence of discrimination, analysis under the McDonnell Douglas framework is appropriate. The Fifth Circuit has explained this framework as follows:

> Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of...discrimination. The employer then bears the burden of producing a legitimate, non-discriminatory reason for its actions. The employer is not

> required to convince the Court that it was actually motivated by this reason; it need only raise a genuine issue of fact as to whether or not it discriminated against the plaintiff. Once the employer offers a legitimate, nondiscriminatory reason for the plaintiff's treatment, the presumptions of the McDonnell Douglas framework dissipate, and the plaintiff bears the ultimate burden of persuading the trier of fact that the defendant engaged in intentional discrimination. To satisfy this burden, a plaintiff must produce substantial evidence that the employer's proffered reasons for its actions were a pretext for discrimination. A plaintiff can establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'

Nasti, 492 F.3d at 593 (Internal citations omitted). Accordingly, Anderson must first establish a *prima facie* case of discriminatory discharge by showing that (1) he belongs to a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably. See id.

It is apparent from both the statement of material facts admitted by Anderson and the parties' briefs that this claim of discriminatory discharge rests on the fourth element of the McDonnell Douglas framework, as there is no dispute over elements one through three. Anderson must show that other KCS employees were similarly situated yet received more favorable treatment. The Fifth Circuit has been clear that "for employees to be similarly situated[,] those employees' circumstances, including their misconduct, must have been 'nearly identical.'" Perez v. Texas Dept. of Criminal Justice, 395 F.3d 206 (5th Cir. 2004). In summation, Anderson has failed to satisfy this requirement, as she did not provide the Court with adequate evidence to show that there is a genuine question of fact regarding whether the individuals proffered as comparators are similarly situated.

Anderson alleges that two KCS employees, Jennifer Fussell and Angela Dison, were similarity situated employees that were treated more favorably. (Record Document 51 at 17). In fact, the two employees referenced in the First Supplemental Complaint would not qualify as similarly situated employees given their status with KCS. Fussell was promoted to Assistant Manager in 2000, and therefore is not a proper similarly situated employee. Dison, while previously employed as a Customer Service Representative with KCS, submitted a letter of resignation to the company prior to the email audit and is therefore not a similarly situated employee. Anderson, therefore, did not provided even minimal evidence that these KCS employees are proper comparators. Even if she could somehow get past the management/non-management distinction between Stanley and three proffered employees, she has still failed to show that their circumstances, including their misconduct, were nearly identical. As such, this Court hereby finds that there is no genuine dispute regarding Jennifer Fussell and Angela Dison.

The crux of the Anderson's discrimination claims now tenuously rests on her haphazard inclusion of a newly proffered employee added at an untimely stage in this litigation. Anderson named Angela Von Zynda as a comparator for the first time in her Response to Defendant's Motion for Summary Judgment.[3] However, Anderson fails to establish that this comparator was a similarly situated employee and therefore cannot

---

[3]The Court has concerns about the timeliness and competency of the evidence presented in the Memorandum in Opposition to the Motion for Summary Judgment. The Court finds it suspect that Anderson failed to identify this newly named individuals until this very late stage in the litigation. The First Amended Complaint was filed nearly seven years ago; more than adequate time and discovery have passed for Anderson to fully identify any alleged comparators to the Court. However, the Court, in an abundance of caution, will analyze this evidence as if it were admissible, as it does not change the outcome.

survive summary judgment.

Anderson claims Van Zynda is similarly situated, however, she provides no information for this Court to use in substantiating this claim.[4] As KCS pointed out in its reply to Anderson's Opposition to the Motion for Summary Judgment, Anderson "fails to provide Von Zynda's job title, job responsibilities, work location, supervisors, or disciplinary history." Record Document 811 at 7.

Additionally, Anderson fails to show that Von Zynda's work history is similar to her own. In fact, the record indicates that Von Zynda had only three warnings during her six years working for KCS. On the other hand, the record indicates that Anderson had an extensive history of workplace issues, including KCS granting a leniency reinstatement in 2000. Record Document 797-2, ¶¶ 9-14. Therefore, Anderson fails to establish a *prima facie* case of discrimination.

Even if Anderson were able to establish a *prima facie* case of discrimination, KCS has provided a legitimate and non-discriminatory reason for his discharge. The overwhelming number of inappropriate and/or sexually explicit emails sent in direct violation of KCS's policies more than justify Anderson's dismissal. As this Court provided in similar cases, violations of KCS' computer policies are legitimate nondiscriminatory reasons for termination. See Cargo (Darren Stanley, Record Document 782, p. 9) Anderson failed to present evidence linking her termination to anything other than her repeated and serious violation of KCS policies.

---

[4]Plaintiff's sealed exhibits 8 and 9, which reference Angela Von Zynda as a compataror are the subject of a pending Motion to Strike. [Record Document 813]. For purposes of this Motion, and out of an abundance of caution, this Court will consider the allegations contained within the exhibits.

Under the McDonnell Douglas framework, the burden now shifts to Anderson to prove KCS' reason for discharge was pretextual. The burden Anderson carries at this point in the Court's analysis is to show that this reason is "unworthy of credence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133,144, 120 S.Ct. 2097 (2000). Anderson fails to meet this burden. Additionally, the Fifth Circuit has provided that when an independent arbiter has upheld the termination of an employment relationship, the decision weighs heavily against an employee's termination being pretextual. See Graef v. Chem. Leaman Corp., 106 F.3d 112, 117 (5th Cir. 1997). In this instance, Anderson does not put forth any evidence that the dismissal had a discriminatory purpose.

Anderson, therefore, fails to prove the *prima facie* elements of her discriminatory discharge claim. She failed to show a similarly situated employee was treated more favorably than she was; additionally, even if she had met the burden, KCS offered and proved a legitimate, non-discriminatory reason for Anderson's discharge. For this reason, summary judgment in favor of KCS is appropriate.

### III. Retaliation Claim

Similarly to the Discrimination Claim, Anderson is unable to meet the burden required under the McDonnell Douglas standard for a retaliation claim. The Plaintiff's Response to Defendant's Motion for Summary Judgment does not provide a causal connection between her termination and her EEOC charge allegedly filed in 1999, nor her complaint to the NAACP in 2000. The Court specifically notes that prior to the investigation and ultimate termination of Anderson, over two years had passed since last alleged complaint. Additionally, the Plaintiff had applied for an received a more desirable position within the company during the time between the complaints and her

termination with KCS. The Court was unpersuaded by the report offered by Leonard Biermann which failed to even mention Anderson individually.[5] Plaintiff therefore fails to meet the "but-for" showing required under the standard established in University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517, 2528 (2013). Accordingly, summary judgment is granted on this issue.

### III. Hostile Work Environment Claim

Anderson has conceded this claim.

### IV. State Law Claims

In her opposition of summary judgment, Anderson fails to address these claims at all and therefore fails to meet her summary judgment burden. Celotex Corp. V. Catrett, 477 U.S. 317. 333 n.3 (1986). Accordingly, summary judgment is granted on these issues.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff Kimberly Anderson abandoned her hostile work environment claim. Additionally, Anderson has failed to provide sufficient competent summary judgment evidence to raise a dispute of material fact that Anderson endured discrimination and/or retaliation under the framework provided by the United States Supreme Court in McDonnell Douglas Corp. V. Green, 411 U.S. 792 (1973).

Accordingly, **IT IS ORDERED THAT** the foregoing motion filed by Defendant KCS (Record Document 797) be and is hereby **GRANTED.** All of Plaintiff's claims are

---

[5]The sworn declaration is the subject of a pending Motion to Strike. [Record Document 813]. For purposes of this Motion, and out of an abundance of caution, this Court will consider the allegations contained within the sworn declaration.

**DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Strike Certain Exhibits Submitted by Group 13 Plaintiff Kimberly Anderson in Opposition to KSCR's Motion for Summary Judgment [Record Document 812] be and is hereby **DENIED** as **MOOT**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

Thus done and signed, in Shreveport, Louisiana, this 31st day of October, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE