UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE CARGO, ET AL., | CIVIL ACTION NO. 05-2010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN RAILWAY COMPANY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment on Plaintiff Renee Caldwell's various employment discrimination claims (Record Document 821) filed by Defendant Kansas City Southern Railway Company ("KCSR"). The motion conveys reasons for the Defendant seeking dismissal of all claims raised by Caldwell. In opposition to Defendants Motion for Summary Judgment, Caldwell replies "Ms. Caldwell has established a Prima Facie case to present sufficient evidence of pretext to overcome summary judgment and present genuine issues of material fact to a jury." Record Document 829 at 3. Plaintiff concedes her retaliation and state law claims. Id. At 9. Additionally, Plaintiff fails to address the hostile work environment / constructive discharge claim, which, therefore, is conceded. For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED.** Accordingly, all of Caldwell's claims are **DISMISSED**.

**FACTUAL BACKGROUND**

Renee Caldwell is an African American female. Record Document 821-2 at § 1. Caldwell was hired by KCSR to serve as an Extra Board Clerk in the Customer Service Center ("CSC") in January 2001. Record Document 821-2 at § 3. In March of 2001, Caldwell was separated from KCSR, but subsequently applied for re-employment in the

same capacity and was rehired on December 14, 2001. Record Document 821-2 at §§ 4 and 5. As an Employee in the CSC, Caldwell's role included communicating with customers and the transportation department regarding specific shipments. Record Document 821-1 at 2. Because CSC employees communicated with customers, they were expected to be present and punctual in order to fulfill their duties. Id. Accordingly, KCSR created rules and policies to govern attendance, tardiness and the duty to report, including, for example, General Responsibilities 1.15, which provides "[e]mployees must report for duty at the designated time and place..." Id. at 2. Caldwell received a copy of KCSR's roles and policies as well as others, and acknowledged her receipt in writing. Id. at 2. Caldwell admits that employees were required to report to work on time, and that employees must contact a supervisor if an employee desired leave. Id. at 3.

The rules and regulations regarding attendance were strictly enforced. KCSR enforced its regulations with this employee through various actions. On April 29, 2004, Caldwell received a formal letter of reprimand for her second instance of tardiness in the same week. Id at 3. On May 12, 2004, Caldwell was again late to work and received a second formal reprimand. On June 19, 2004, Caldwell signed a waiver accepting responsibility for her failure to timely report for work on June 4, 2004, and June 5, 2004. Id at 3. Because of her past attendance issues, Caldwell received a 10 day suspension for the June 4 tardiness, and a 30 day suspension for the June 5 violation, which was deferred. Id at 3. On June 30, 2004, Caldwell was notified of her tardiness violation on June 20, 2004, and that an investigation was scheduled to determine her responsibility. She was likewise informed of an investigation regarding making false statements and being argumentative with a supervisor on June 20, 2004. Id at 4. On July 29, 2004, the

investigation concluded and Caldwell received a thirty day suspension for failing to report for duty on June 20, 2004, and her previous thirty day deferred suspension was activitated. A sixty day suspension for making false statements and being argumentative was also imposed. Prior to the imposition of that suspension, however, Caldwell again reported late to work on July 19, 2004. Id at 3. These repeated violations of KCSR policies resulted in an another investigation, and ultimately the termination of Caldwell's employment with KCSR. Id at 3.

Caldwell appealed the final two suspensions and her termination to the Special Board of Adjustment ("SBA"), which after reviewing the evidence determined that "[b]ased upon a review of these three cases, it is evident to this Board that [Caldwell] had a continuing problem with appearing for work at the scheduled time." Id. at 4. The SBA permitted Caldwell to return to work, without back pay. A harsh warning regarding the importance of timeliness was issued in the SBA's decision, and also included wording that stated this was a last chance warning. Id. At 4. Caldwell however chose to not return to KCSR and instead continued with her other employment. Id. At 4.

Caldwell later filed this lawsuit against KCSR, alleging: discrimination, hostile work environment, constructive discharge, retaliation, and related state law claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  Quality Infusion Care, Inc. v. Health Care Serv.

---

[1] The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis.

Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

## LAW AND ANALYSIS

### I. Discrimination Claim

Employers are prohibited from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A claim for discrimination may be proven with direct or circumstantial evidence. Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d 589,593 (5th Cir. 2007). If a Plaintiff lacks direct evidence to prove such a claim, courts are to implement a burden shifting analysis as established under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817

---

F.R.C.P. 56(a) and advisory committee's note (emphasis added).

(1973); Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d at 593. Because Anderson has not provided this Court with any direct evidence of discrimination, analysis under the McDonnell Douglas framework is appropriate. The Fifth Circuit has explained this framework as follows:

> Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of...discrimination. The employer then bears the burden of producing a legitimate, non-discriminatory reason for its actions. The employer is not required to convince the Court that it was actually motivated by this reason; it need only raise a genuine issue of fact as to whether or not it discriminated against the plaintiff. Once the employer offers a legitimate, nondiscriminatory reason for the plaintiff's treatment, the presumptions of the McDonnell Douglas framework dissipate, and the plaintiff bears the ultimate burden of persuading the trier of fact that the defendant engaged in intentional discrimination. To satisfy this burden, a plaintiff must produce substantial evidence that the employer's proffered reasons for its actions were a pretext for discrimination. A plaintiff can establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'

Nasti, 492 F.3d at 593 (Internal citations omitted). Accordingly, Caldwell must first establish a *prima facie* case of discriminatory discharge by showing that (1) she belongs to a protected class, (2) she was qualified for his position, (3) she suffered an adverse employment action, and (4) similarly situated employees were treated more favorably. See id.

It is apparent from both the statement of material facts admitted by Caldwell and the parties' briefs that this claim of discriminatory discharge rests on the fourth element of the McDonnell Douglas framework, as there is no dispute over elements one through three. Caldwell must show that other KCSR employees were similarly situated yet received more

favorable treatment. The Fifth Circuit has been clear that "for employees to be similarly situated[,] those employees' circumstances, including their misconduct, must have been 'nearly identical.'" Perez v. Texas Dept. of Criminal Justice, 395 F.3d 206 (5th Cir. 2004). In summation, Caldwell has failed to satisfy this requirement, as she did not provide the Court with adequate evidence to show that there is a genuine question of fact regarding whether the individuals proffered as comparators are similarly situated.

In the instance case, Caldwell alleges that three KCSR employees, Sharon Scott, Ashley Collins, and Angela Von Zynda, were similarity situated employees that were treated more favorably. (Record Document 821-1 at 10). In fact, the three employees referenced in Caldwell's response to KCSR's Third Set of Interrogatories would not qualify as similarly situated employees given their status with KCSR.

Sharon Scott served as a crew dispatcher. See SOF ¶ 71. It is undisputed that Caldwell served as an Extra Board Clerk and then in the transportation division on a bid. In accordance with Fifth Circuit precedent, a similarly situated employee is one which holds the same position as the claimant. See Lee v. Kansas City Southern Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009). Therefore was not a similarly situated employee.

Ashley Collins, on the other hand, worked as a Customer Service Representative. See SOF ¶ 80. Her title is different than Caldwell, and therefore is not a similarly situated employee under the Fifth Circuit precedent established in Lee, supra. However, even if Collins and Caldwell held the same title, Caldwell's discipline record was significantly worse than that of Collins. During the course of Collins' employment with KCRS, she received only one letter of reprimand and no other discipline. See SOF ¶ 81. This minimal discipline record pales in comparison with Caldwell, who received eight instances of discipline. See

SOF ¶¶ 26-41.

Finally, Caldwell lists Angela Von Zynda as a similarly situated employee. Caldwell, however, again fails to show that Von Zynda's held the same title has her own. Von Zynda held the position of Customer Service Representative. See SOF ¶ 83. Because Von Zynda's title is different than Caldwell, she is not a similarly situated employee under the Fifth Circuit precedent established in Lee, supra. Additionally, even if these two employees held the same title, their work history is substantially different. Von Zynda received only one warning for her tardiness during her six year tenure at KCSR, and she was not tardy again. See SOF ¶ 84. Caldwell, on the other hand, was tardy multiple times and disciplinary actions, from verbal and written warnings to suspensions warned multiple times, were used to reform Caldwell's behavior. See SOF ¶¶ 26-41. Nonetheless, Caldwell continued to be tardy to work. Accordingly, Van Zynda was not a similarly situated employee. Based on the fact that Caldwell fails to provide any similarly situated employees, she fails to provide the required *prima facie* case of discrimination.

Even if Caldwell were able to establish a *prima facie* case of discrimination, KCSR has provided a legitimate and non-discriminatory reason for his discharge. The high number of times Caldwell was tardy to work in direct violation of KCSR's policies more than justify Caldwell's dismissal. Caldwell failed to present evidence linking her termination to anything other than her repeated violation of KCSR policies.

Under the McDonnell Douglas framework, the burden now shifts to Caldwell to prove KCSR's reason for discharge was pretextual. The burden Caldwell carries at this point in the Court's analysis is to show that this reason is "unworthy of credence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133,144, 120 S.Ct. 2097 (2000). Caldwell fails

to meet this burden. In this instance, Caldwell does not put forth any evidence that the dismissal had a discriminatory purpose.

Caldwell, therefore, failed to prove the *prima facie* elements of her discriminatory discharge claim. She failed to show a similarly situated employee was treated more favorably than she was. Additionally, even if she had met her burden, KCSR has sufficiently proved a legitimate, non-discriminatory reason for Caldwell's discharge. For this reason, summary judgment in favor of KCSR is appropriate.

### II. Retaliation Claim

Caldwell conceded her claim for retaliation.

### III. State Law Claims

Caldwell conceded her claims under state law.

### IV. Hostile Work Environment / Constructive Discharge Claim

Caldwell failed to address her claim for hostile work environment / constructive discharge in her response to the Defendant's Motion for Summary Judgment. She therefore concedes this argument.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff Renee Caldwell abandoned her hostile work environment/ constructive discharge claim. Additionally, Caldwell conceded her retaliation and state law claims. This leaves only the claim for discrimination to be addressed by this Court. On the discrimination issue, Caldwell failed to provide sufficient competent summary judgment evidence to raise a dispute of material fact that Caldwell endured discrimination under the framework provided by the

United States Supreme Court in <u>McDonnell Douglas Corp. V. Green</u>, 411 U.S. 792 (1973).

Accordingly, **IT IS ORDERED THAT** the foregoing motion filed by Defendant KCSR (Record Document 821) be and is hereby **GRANTED.**

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

Thus done and signed, in Shreveport, Louisiana, this 17th day of January, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE